Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Dennis L. Bower, Appellee.

Argued November 13, 1979, before Judges CRUMLISH, JR., MENCER and CRAIG, sitting as a panel of three.

*Harold H. Cramer,* Assistant Attorney General, with him, *Robert W. Cunliffe,* Deputy Attorney General, and *Edward G. Biester, Jr.,* for appellant.

*William Harvey Wiest,* with him, *Wiest, Wiest & Saylor,* for appellee.

OPINION BY JUDGE MENCER, January 9, 1980:

The Department of Transportation (Department) appeals from an order of the Court of Common Pleas of Northumberland County, which reversed the Department's order suspending the operating privilege of Dennis L. Bower (Bower).

The Department, by order dated and mailed March 23, 1978, suspended the operating privilege of Bower for a period of 55 days. Bower filed his appeal on April 26, 1978. Because this appeal to the lower court was untimely, the lower court was without jurisdiction to reverse the Department's order; therefore, we must reinstates the Department's order.

Although the issue of timeliness was not raised by the parties, the timeliness of an appeal goes to the subject matter jurisdiction of the court and may therefore be raised at any time, even on the appellate level, either by the parties or by the court on its own motion. *Commonwealth v. Little,* 455 Pa. 163, 314 A.2d 270 (1974); *Department of Transportation, Bureau of Traffic Safety v. Ehret,* 46 Pa. Commonwealth Ct. 131, 405 A.2d 1355 (1979).

At the time in question, Section 1550(a) of the Vehicle Code, 75 Pa. C.S. §1550(a),[1] provided, in pertinent part: "Any person . . . whose operating privilege has been . . . suspended or revoked by the department shall have the right to appeal by filing a petition within 30 days from the date notice is mailed for a hearing in the court of common pleas. . . ."

---

[1] Subsequent to Bower's appeal, Section 1550 was amended by Section 13(7) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, to conform to the Judicial Code. See the Judicial Code, 42 Pa. C.S. §§5571, 5572, for the current substantive provisions regarding time for appeals.

A certification statement, signed by the Director of the Bureau of Traffic Safety, indicates that the notice of suspension was mailed on March 23, 1978. The notice itself is dated March 23, 1978 and specifically indicates that Bower had 30 days from the date of the suspension to file an appeal. In addition, the lower court found as a fact that the suspension notice was mailed on March 23, 1978. It is a matter of record that the appeal was filed on April 26, 1978, which is clearly 4 days beyond the 30-day statutory limit.

ORDER

AND NOW, this 9th day of January, 1980, the order of the Court of Common Pleas of Northumberland County in the above captioned matter is hereby reversed, and the order of the Department of Transportation suspending the operating privileges of Dennis L. Bower is hereby reinstated.

This decision was reached prior to the expiration of the term of office of Judge DiSALLE.