Joseph W. Juliano, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellee.

Submitted on briefs June 10, 1982, to President Judge CRUMLISH and Judges ROGERS and MACPHAIL, sitting as a panel of three.

*Eugene H. Evans, Goldberg & Evans,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE ROGERS, July 28, 1982:

Joseph Juliano (Appellant) appeals here from an order of the Court of Common Pleas of Delaware County which affirmed a six month suspension, issued by the Pennsylvania Department of Transportation's Bureau of Traffic Safety (Bureau) of his motor vehicle operating privileges. We affirm.

The facts in this case are not in dispute. Upon receiving notice that the Appellant had been convicted on August 2, 1978, of violating Section 3733 of the Vehicle Code, 75 Pa. C. S. §3733 (fleeing or attempt-

ing to elude a police officer), the Bureau informed the Appellant, pursuant to the mandate of Section 1532 of the Vehicle Code, 75 Pa. C. S. §1532, that his driver's license would be suspended for a period of six months. The Appellant subsequently appealed this suspension to the court of common pleas, and on November 11, 1978, obtained a supersedeas of the Bureau's suspension order. Thereafter, on March 19, 1979, an initial hearing on the appeal was conducted before Judge WILLIAM R. TOAL, JR., and at this hearing, the Appellant asserted that he was denied due process since he was not afforded the opportunity to present evidence to the Bureau pertaining to the circumstances of his Section 3733 conviction prior to the issuance of the Bureau's suspension order, an argument which this Court rejected in *Department of Transportation, Bureau of Traffic Safety v. Fisher*, 55 Pa. Commonwealth Ct. 444, 423 A.2d 1093 (1980), where, as here, the operator appealed his suspension and obtained a supersedeas order prior to the effective date of his suspension. At the conclusion of this hearing, Judge TOAL agreed to take the matter under advisement, but because of a serious and disabling illness did not act on the matter until October 13, 1980, when he issued a Memorandum Opinion and ordered a full hearing on the merits of the suspension to be conducted before the court of common pleas on October 24, 1980. At this hearing, the Appellant testified that since the initial hearing on his appeal he had taken a job which required him to have a valid driver's license, and advanced the argument that his suspension should be overturned because almost two years had elapsed from the date he had filed his appeal to the court of common pleas. Judge TOAL subsequently rejected this argument and affirmed the Bureau's suspension. The present appeal followed, and pursuant to an order of

Judge TOAL issued January 5, 1981, a supersedeas was granted pending our disposition of the matter.

Before this Court, the Appellant seeks a reversal of the lower court's order on the ground that his due process rights were violated by the lower court's "delay" in disposing of this appeal. We find no merit in this argument.

The cases cited by the Appellant in his brief are totally inapposite to the case at hand since they pertain to statutory notice provisions or statutory provisions pertaining to the commencement of criminal trials. Here, the Appellant was fully informed that his conviction would result in a license suspension, and, when that suspension was appealed, enjoyed the benefit of a supersedeas for over two years. During this time, the Appellant, who was aware of Judge TOAL's health problem, never requested an expedited review of his appeal or the transfer of the case to another judge.

Order affirmed.

### ORDER

AND Now, this 28th day of July, 1982, the order of the Court of Common Pleas of Delaware County dated October 13, 1980, and docketed at No. 78-16900, is affirmed.