Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Michael Joseph Lyons, Appellee.

Argued September 16, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel and *Jay C. Waldman,* General Counsel, for appellant.

*Frank Bognet,* for appellee.

OPINION BY JUDGE BLATT, December 29, 1982:

The Department of Transportation (DOT) appeals an order of the Court of Common Pleas of Luzerne County which vacated a six-month revocation of the motor vehicle operating privileges of appellee Michael Joseph Lyons.

Lyons was cited for a violation of Section 1543 of the Vehicle Code,[1] in operating a motor vehicle while his license was suspended and DOT sent him an official notice of revocation on May 11, 1978. He appealed to the common pleas court, and, at the conclusion of the hearing subsequently held, the court indicated from the bench that it would deny the appeal. It was not until December 28, 1979, however, approximately 17 months later, that the prothonotary's office of the aforesaid court forwarded a certification to DOT of the disposition of Lyons' appeal which indicated that the appeal was denied. On January 14, 1980, DOT reimposed its previously ordered six-month revocation of operating privileges. Lyons then filed a second petition for appeal with the court of common pleas and, after another hearing before a different judge of the same court, the court sustained the appeal and vacated the January 14, 1980 revocation on the basis that DOT had waited too long to reinstate it and that Lyons had relied on that delay to his detriment. The instant appeal by DOT ensued.

Before us DOT argues that the court of common pleas erred in vacating the revocation of Lyons' li-

---

[1] 75 Pa. C. S. §1543.

cense because DOT is not chargeable for judicial delay and, even if it were, Lyons failed to show any prejudice caused to him by the delay. Lyons counters that the delay was attributable to DOT and that he was prejudiced thereby because he will be unable to commute to work if his license is now revoked. He notes that he relocated his residence during the delay term concerned and would not have done so had he known that his license would be revoked.

It is well-settled that an action by DOT upon an operator's privileges may be vacated when administrative delay between a conviction and revocation causes the operator to believe that his privileges will not be impaired *and* to change his circumstances to his detriment. *See Department of Transportation v. Rutkowski*, 46 Pa. Commonwealth Ct. 64, 406 A.2d 248 (1979); *Department of Transportation v. Hosek*, 3 Pa. Commonwealth Ct. 580, 284 A.2d 524 (1971). Here, however, the delay was judicial, not administrative. And, although both DOT and the court may be said to serve the Commonwealth, DOT cannot, nor can any other party, be held accountable for the court's delay. *Chappell v. Commonwealth*, 59 Pa. Commonwealth Ct. 504, 430 A.2d 377 (1981); *see Juliano v. Department of Transportation*, 68 Pa. Commonwealth Ct. 39, 447 A.2d 1112 (1982) (two year delay between hearing and action on operator's appeal held not be sufficient to vacate suspension). Consequently, "[t]he Department [of Transportation] is chargeable only with delay occurring after it received the certification of conviction." *Chappell*, 59 Pa. Commonwealth Ct. at 506, 430 A.2d at 379. It received such certification here on December 28, 1979 and reimposed the revocation in less than three weeks, *i.e.*, on January 14, 1980. This was clearly not sufficient administrative delay by DOT to justify the vacating of the penalty imposed.

We will, therefore, reverse the order of the court of common pleas and reinstate the six-month revocation of Lyons' motor vehicle operating privileges.

ORDER

AND Now, this 29th day of December, 1982, the order of the Court of Common Pleas of Luzerne County in the above-captioned matter is hereby reversed and the action of appellant Department of Transportation revoking the motor vehicle operating privileges of appellee Michael Joseph Lyons for six months is reinstated.