## Commonwealth v. Carey

*John V. Rovinsky,* for the Commonwealth.
*Michael I. Butera,* for defendant.

BROMINSKI, *J.,* March 9, 1983—This matter comes before the court upon petition of Richard Patrick Carey, defendant, for review of his motor vehicle license suspension.

The facts leading up to this appeal are that on December 8, 1980, appellant appealed from a suspension of his motor vehicle privileges and on that date, the presiding judge dismissed the appeal on the record from the bench. Nothing happened in this case until September 29th, 1982, when a lawyer representing the Commonwealth presented to the presiding judge an order, formalizing the order of December 8, 1980, dismissing appellant's appeal. Thereafter, this order of September 29, 1982, was filed October 7, 1982, at the Prothonotary's Office of Luzerne County, and on December 31, 1982, appellant received a reimposition of his previous suspension.

The present Appeal alleges that because the appeal was dismissed on December 8, 1980 and the Commonwealth failed to suspend his motor vehicle privileges until December 31, 1982 his circumstances changed, resulting in prejudice to him.

We have, by virtue of this appeal, two questions raised: (1) Is the delay in appellant's suspension judicial or administrative? and (2) If it was administrative, was appellant prejudiced thereby?

Addressing ourselves to the first question,—it is the Commonwealth's contention that the case of Commonwealth v. Lyons, 70 Pa. Commw. 604, 453 A.2d 730 (1983), is controlling. In that case, as a result of a revocation on May 11, 1978, Lyons appealed. At the conclusion of that hearing, the presiding judge indicated from the bench that it would deny the appeal. It was not until December 28, 1979 17 months later, that the prothonotary's office forwarded a certification to DOT of the disposition of the license appeal, which indicated that the Appeal was denied. On January 24, 1980 DOT reimposed its previously ordered revocation. Thereafter, Lyons filed a second petition before the court of common pleas and the court reversed the revocation on the grounds that DOT waited too long to reinstate the revocation and also that appellant was prejudiced by the delay. Upon appeal by DOT the lower court was reversed because the appellate court charged that this was judicial delay and not administrative.

The Lyons case is not controlling in the instant matter.

First of all, in that case the prothonotary sent notice to the Commonwealth. The prothonotary has no responsibility or authority in this matter so far as

giving notice to DOT, and there is nothing of record to help us in this regard as to why this happened. Along this line, in the present case, although the order of September 29, 1982 was filed in the Office of the Prothonotary of Luzerne County on October 7, 1982, the prothonotary did not give notice to DOT that the appeal was dismissed, (as in the Lyons case). In this case DOT was notified through its counsel, I presume, by virtue of a copy of the order of September 29, 1982.

Secondly, in the present case, on December 8, 1980, the court unequivocally dismissed appellant's appeal, of record, and both appellant's lawyer and the Commonwealth's lawyer knew the precise disposition of this case and the disposition slip clearly reflects this. I don't know the internal workings of DOT, but counsel for it should have sent them a copy of the disposition slip or otherwise notified them that this appeal was dismissed on December 8, 1980, or, if they deemed appropriate an order such as the one presented on September 29, 1982, they could have presented it to the court a day or a week after December 8, 1980, instead of waiting 22 months. What possessed them to formalize this disposition of December 8, 1980, by their order of September 29, 1982, is not a matter for the court's conjecture, therefore, I cannot consider the time between December 8, 1980 to September 29, 1982, judicial delay, for again, the Commonwealth knew of the court's disposition as of December 8, 1980, so therefore, we have to conclude that this is an administrative delay versus a judicial delay.

Turning to the second question, whether or not appellant was prejudiced between December 8,

1980, and September, 1982, his testimony is as follows:

That from December 8, 1980 until December 30, 1982, he heard nothing from DOT; that during this time he maintained a valid operator's license and last October the Department actually renewed his license for a four year period. The witness further testified that in December, 1980 he was employed as a service representative with Cryovac and that in March of 1982 he was promoted and his territory now covers from Canada to Virginia and from the East Coast to West Michigan and that as a service representative he rode a good deal of the time with the salesmen, trouble shooting and doing film tests, and that now with his promotion to technical sales, he does all of his travelling on his own. On cross-examination he testified that between October, 1982 and December, 1982 his circumstances did not change; that his circumstances changed from December, 1980 to December, 1982. On re-direct examination he testified that the original arrest which led to the aforesaid hearing of December 8, 1980 was dismissed and that he has no other moving violations of record.

It is apparent that appellant had a change of circumstances during the administrative delay of December 8, 1980 to December 30, 1982, and this is sufficient ground to set aside his suspension. Commonwealth v. Schmick, 56 D. & C. 2d 719 (1972), and Commonwealth v. Ventresca, 33 Beaver County L. J. 109.

Accordingly, we enter the following

## ORDER

It is hereby ordered, adjudged and decreed that appellant's suspension is set aside and vacated.