527 A.2d 607

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* William A. Davis, Appellee.

Submitted on briefs October 23, 1986, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Harold H. Cramer*, Assistant Counsel, with him, *Spencer A. Manthorpe*, Chief Counsel, and *Jay C. Waldman*, General Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE PALLADINO, June 16, 1987:

This is an appeal by the Pennsylvania Department of Transportation, Bureau of Traffic Safety (DOT) from an order of the Court of Common Pleas of Luzerne County (trial court) sustaining the appeal of William A. Davis and reversing the suspension of his motor vehicle operator's license. For the reasons which follow, we reverse.

Davis was arrested for driving under the influence[1] and refused to submit to a breathalyzer test. DOT suspended his license for six months pursuant to Section 1547 of the Vehicle Code, 75 Pa. C. S. §1547.[2] Davis timely appealed this suspension to the trial court. By order dated June 30, 1982, the trial court dismissed Davis' appeal.[3] For reasons unexplained by either the record or DOT's brief,[4] the trial court, on January 11, 1984, issued a second order dismissing Davis' appeal and reinstating the suspension of his license.[5] Thereafter, Davis received a letter from DOT indicating the suspension of his license had been reinstated, effective April 3, 1984. Davis again appealed to the trial court on the grounds that the suspension of his license was untimely and that "there has been a change in circumstances which would warrant this court to set aside the motor vehicle license suspension. . . ." The trial court set a hearing date and granted Supersedeas pending the determination of the appeal.[6]

Davis was the sole witness at the May 23, 1984 hearing and no physical evidence was presented. Davis testified that in the period between the denial of his appeal (June 30, 1982) and the receipt of the letter from DOT (early March of 1984) confirming the suspension,

---

[1] Section 3731 of the Vehicle Code, 75 Pa. C. S. §3731.

[2] At the time of Davis' arrest, Section 1547(b) provided a six-month license suspension for refusing to submit to the test. Section 1547(b) was amended by the Act of December 5, 1982, P.L. 1268, and currently mandates a 12 month suspension.

[3] The June 30, 1982 order of the trial court was filed with the Luzerne County Prothonotary's Office on July 26, 1982.

[4] By order dated October 23, 1986, Davis was precluded from filing a brief as a result of his failure to comply with the briefing schedule established by this Court.

[5] The January 11, 1984 order of the trial court was filed with the Luzerne County Prothonotary's Office on January 16, 1984.

[6] See 75 Pa. C. S. §1550(b).

he moved to a bigger store and his business expanded. NT. at 5. At the time of the suspension his merchandise was purchased locally, from Scranton and Hazleton. NT. at 5. Davis now goes to Philadelphia, Allentown, Florida and North Carolina to purchase merchandise. NT. at 6. Further, the following colloquy took place between Davis and his attorney regarding his expectation of whether DOT would suspend his license:

Q. After the Bench decision of June 30th, 1982, where the Judge told you that your appeal was dismissed, that you lost the case, and after not hearing anything from Harrisburg or PennDOT, what did you think happened to your case?

A. I didn't know what to think. I just figured I lost the case and that was it, so I didn't do nothing.

. . . .

Q. Did you feel that PennDOT was going to suspend your license after the six months was up?

A. No, I didn't, to be honest with you. I didn't hear nothing from them.

N.T. at 7. While Davis testified that he opened his new store approximately one year after the June 30, 1982 hearing, N.T. at 7, he did not testify that the timing of the expansion had anything to do with the suspension of his license.

At the conclusion of the hearing the trial court judge rendered the following order from the bench: "The Court finds as a matter of fact that the Appellant's business has changed and the Appellant's conditions have changed with regard to his business and he's prejudiced by the suspension of March of 1984, and his appeal is sustained." N.T. at 9. A written order dated May 29, 1984, sustaining the appeal, was filed with the Luzerne

County Prothonotary on June 4, 1984. DOT timely appealed to this Court.[7]

Citing *Department of Transportation, Bureau of Traffic Safety v. Lyons,* 70 Pa. Commonwealth Ct. 604, 453 A.2d 730 (1982), DOT contends that it cannot be held responsible for the delay of which Davis complains because the delay is judicial and not attributable to any action or, more appropriately, inaction by DOT. *Lyons* involved a situation on all fours with the case at bar. In *Lyons,* the Court of Common Pleas of Luzerne County denied an appeal by Mr. Lyons from a suspension of his driver's license pursuant to Section 1543 of the Vehicle Code, 75 Pa. C. S. §1543. The Luzerne County Prothonotary's office failed, for seventeen months, to forward a certification to DOT of the disposition of Mr. Lyons' appeal. Once received, DOT promptly notified Mr. Lyons of his license suspension.

While noting that an action by DOT may be vacated when administrative delay causes the licensee "to believe that his privileges will not be impaired *and* to change his circumstances to his detriment", *Lyons,* 70 Pa. Commonwealth Ct. at 606, 453 A.2d at 731, no such action is justifiable when the delay is judicial. *Id.* "[A]lthough both DOT and the court may be said to serve the Commonwealth, DOT cannot, nor can any other party, be held accountable for the court's delay." *Id.*

The trial court issued the following order on June 30, 1982: "Now, this 30th day of June, 1982, after full hearing the Court resolves the credibility in favor of the

---

[7] Our scope of review in a license suspension case is limited to determining whether the trial court's findings of fact are supported by competent evidence, an error of law was committed, or the Common Pleas court's decision demonstrates a manifest abuse of discretion. *Department of Transportation, Bureau of Traffic Safety v. Mumma,* 79 Pa. Commonwealth Ct. 108, 468 A.2d 891 (1983).

Commonwealth and the appeal of William A. Davis is dismissed." The docket sheets do not contain an entry that notice of this order was sent to DOT or Davis.[8] For reasons unexplained by any party or the trial court, on January 11, 1984 the trial court issued a second order stating: "AND NOW, this 11th day of January, 1984, after the hearing before this Court, IT IS HEREBY ORDERED that the appeal of William A. Davis is dismissed and the suspension by the Department of Transportation is reinstated." DOT states that it received notice of this order on January 17, 1984 and Davis admits to receiving a suspension notice from DOT in early March. This does not constitute unconscionable delay.

Even if the delay was attributable to DOT, the *Lyons* decision requires that the licensee "believe that his privileges will not be impaired *and* to change his circumstances to his detriment", 70 Pa. Commonwealth Ct. at 606, 453 A.2d at 731, before the trial court may vacate the decision. There is no evidence of record that Davis expanded his business in reliance on the delay in suspending his license. Further, the record does not indicate that the loss of his license will adversely affect his business. While it may be true that Davis purchases merchandise from suppliers located in Philadelphia, Allentown, Florida and North Carolina, there is no proof that the suspension of his driver's license will prevent him from continuing to do so. Therefore, he has failed to establish that, in reliance on his belief that his license would not be suspended, he changed his circumstances to his detriment.

Accordingly, we reverse.

---

[8] Pennsylvania Rule of Civil Procedure 236 requires the prothonotary to immediately give written notice by ordinary mail of the entry of order to each party who appeared in the action or to the party's attorney of record. "The prothonotary shall note in the docket the giving of the notice. . . ."

ORDER

AND NOW, June 16, 1987, the order of the Court of Common Pleas of Luzerne County in the above captioned matter is reversed and the suspension by the Department of Transportation, Bureau of Traffic Safety of the motor vehicle operator's license of William A. Davis is reinstated.