## Commonwealth v. Bixby

*Norman Pine*, for Commonwealth.
*Terry Hoover*, for defendant.

JOYNER, *J.,* September 8, 1987—Defendant James R. Bixby was cited on December 16, 1986, for violating Parkesburg Borough Ordinance Number 364, enacted September 10, 1984. In relevant part, this ordinance barred the travel on Beale Drive, Parkesburg by vehicles weighing more than 8,000 pounds. At the time of the citation, defendant's truck was weighed and found to weigh 31,400 pounds.

The citation was tried to District Justice Carl Henry of Parkesburg. At trial, the commonwealth presented testimony by Chief Lester Thomas and Officer Martin Quinn of the Parkesburg Police Department and Andy Ruffett of the State Police Weight Team at Avondale Barracks. Defendant Bixby appeared and testified. At the close of evidence, a guilty verdict was entered by District Justice Henry and a fine of $6,173.50 levied against defendant.

On February 12, 1987, defendant Bixby, by his attorney, filed a notice of appeal from summary criminal conviction with the clerk of courts.

At the outset of the *de novo* trial on this case, the court denied a Commonwealth motion to quash the

appeal, which asserted that the appeal had been filed untimely. The court then granted an oral defense motion to enter appeal *nunc pro tunc*. After two Commonwealth continuances, testimony was taken on May 4, 1987. At the end of the testimony, this court took the case under advisement in order to review the applicable law.

Upon reconvening the trial on May 8, 1987, this court quashed the appeal, *sua sponte*, for defendant's failure to file within 30 days of conviction before the district justice. Defendant Bixby was then advised of his post-verdict rights.[1]

At issue before this court is the propriety of the *sua sponte* quashing of defendant's appeal at the May 8, 1987, hearing. Defendant asserts that the court's action was improper in that, once the commonwealth's motion to quash the appeal was denied and the appeal was allowed *nunc pro tunc*, the court could not raise the timeliness of the appeal *sua sponte*. We disagree.

The court of common pleas is given appellate jurisdiction over the decisions of the minor judiciary, including appeals from summary convictions. 42 Pa.C.S. §932. Such appeals must be filed within 30

---

1. This case comes before the court on defendant's motion in arrest of judgment and for a new trial, filed May 18, 1987. The Commonwealth asserts in its memorandum of law that the motion is the incorrect vehicle to obtain review of the court's action in quashing the appeal. It is true that, since the court quashed the appeal, without reaching a verdict, the motion is questionable in its propriety. Presumably, a petition to reinstate appeal, or some similar action, would have been a proper means of raising the question. The import and the content of the alternative procedure would, nevertheless, have been the same. As a result, we will not penalize defendant for the caption on his filing.

days of the conviction by the district justice. PaR.Crim.P. 86(a).[2] The language of the rule is mandatory, not permissive.

The record clearly establishes that the appeal in this case was taken after the time permitted for such appeals by rule 86.[3] In light of the mandatory language used in the rule, we cannot read the time limit contained in the rule to be anything but jurisdictional. If the Supreme Court and Assembly had not intended for failure to appeal within 30 days to remove jurisdiction from this court, the rule would have been drafted in a fashion that would permit the court some discretion. Instead, the court is powerless to extend the time period allotted for the appeal, absent special circumstances. *cf., Higgins v. The Educators,* 147 Pa. Super. 400, 24 A.2d 19 (1942); *see also, Commonwealth v. Georgiana,* 68 D.&C.2d 302 (1974); *Commonwealth v. Dadey,* 54 D.&C.2d 458 (1971); *Pypiak v. Bobersky,* 51 D.&C.2d 738 (1971). This court was, therefore, without jurisdiction to hear the appeal from defendant's conviction.

Having determined that the court did not have the jurisdiction to hear the appeal, we must now consider our power to quash the appeal *sua sponte*

---

2. That rule, in relevant part, provides as follows:

"When an appeal is authorized by law in a summary proceeding, including a prosecution for violation of a municipal ordinance which provides for imprisonment upon conviction or upon failure to pay a fine, an appeal shall be perfected by filing a notice of appeal within 30 days after the conviction or other final order from which the appeal is taken. The notice of appeal shall be filed with the officer of the court of common pleas designated to receive such papers."

3. The verdict of the district justice was rendered January 12, 1987, and the appeal perfected on February 12, 1986, a delay of 31 days.

in the case at bar. It is a well established principle that an appellate court can raise and determine at any time the issue of jurisdiction, *sua sponte. Commonwealth v. Little,* 455 Pa. 163, 314 A.2d 270 (1974); *Ifft v. Hunter,* 202 Pa. Super. 487, 198 A.2d 436 (1964); *see also, Toll v. Toll,* 293 Pa. Super. 549, 439 A.2d 712 (1981). This principle extends to the court's power to review the timeliness of an appeal, since the issue goes to subject matter jurisdiction. *Ifft v. Hunter, supra.; Commonwealth v. Bower,* 48 Pa. Commw. 379, 410 A.2d 91 (1980).

Defendant Bixby is correct in noting that the commonwealth's motion to quash had been denied, and that a defense motion to allow appeal *nunc pro tunc* had been granted. Upon further review, however, it became apparent that neither of those actions was justified.[4] In light of the fact that the timeliness of an appeal goes to subject matter jurisdiction, and the issue of subject matter jurisdiction is never waived, our action in quashing the appeal for untimeliness was justified. *cf., Ifft v. Hunter, supra.; Commonwealth v. Bower, supra.*[5]

For the foregoing reasons, we enter the following

---

4. Defendant Bixby presented no evidence that would justify his failure to file his appeal within the time permitted under Pa.R.Crim.P. 86(a). As a result, the allowance of the appeal *nunc pro tunc* was improperly granted. *cf. MacKanick v. Rubin,* 244 Pa. Super. 475, 368 A.2d 815 (1976); *Commonwealth v. Horner,* 449 Pa. 303, 279 A.2d 39 (1971).

5. Defendant Bixby's argument, that since a full hearing was held on this case the appeal should not have been quashed, must fall. While it would clearly have been preferable for all concerned that the jurisdictional flaw in the appeal had appeared earlier in the hearing, defendant's argument disregards the basic principle that a court must have jurisdiction to decide a case. The decision on the merits that defendant would have us enter would be void, for lack of jurisdiction.

## ORDER

And now, this September 8, 1987, upon consideration of defendant James Richard Bixby's motion in arrest of judgment and for new trial, defendant's motion is denied and the appeal quashed.