540 A.2d 343

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant v. John F. Gross, Appellee.

Submitted on briefs January 5, 1988, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Henry G. Barr,* General Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE BLATT, April 18, 1988:

The Department of Transportation (DOT) appeals an order of the Court of Common Pleas of Philadelphia County (trial court) which reversed DOT's order suspending the operating privileges of John F. Gross (driver) for a period of six months.

On January 21, 1983, the driver was cited for a violation of Section 1543 of the Vehicle Code (Code), 75 Pa. C. S. §1543 (driving while his operating privileges were suspended),[1] and, on December 29, 1983, he pled guilty to that offense by paying a fine. Section 6501(b) of the Code, 75 Pa. C. S. §6501(b) (payment of fine for Vehicle Code violation constitutes plea of guilty). On that same day, by coincidence, his operating privileges were restored by DOT. He then applied for a new license, which he subsequently obtained. However, when DOT received the certified record of conviction for the Section 1543 violation (*i.e.,* notice of payment of the fine), it mailed him a notice of suspension on March 27, 1984. He appealed this suspension to the trial court on September 6, 1984. The trial court denied DOT's motion to quash his appeal as untimely and then sustained the appeal. DOT's appeal here then followed.

---

[1] DOT suspended the driver's operating privileges on May 5, 1981 because of his failure to respond to a Maryland citation.

DOT contends that the trial court erred in failing to quash the driver's appeal as untimely, noting that it was filed more than thirty days after the entry of DOT's suspension order. We must agree.

Sections 5571(b) and 5572 of the Judicial Code, 42 Pa. C. S. §§5571(b)-5572 provide that appeals from a government unit to a court must be commenced within thirty days after entry of the order and that the date of mailing, if service is made by mail, shall be deemed to be the date of entry of the order. In the case *sub judice,* DOT mailed the notice of suspension to the driver on March 27, 1984, and the record indicates that he filed his appeal on September 6, 1984, which is clearly beyond the 30-day statutory limit. *See Department of Transportation, Bureau of Traffic Safety v. Bower,* 48 Pa. Commonwealth Ct. 379, 410 A.2d 91 (1980).

Accordingly, we believe that the trial court was without jurisdiction to reverse DOT's suspension order. We shall, therefore, reinstate DOT's order suspending the driver's operating privileges for six months.

## ORDER

AND NOW, this 18th day of April, 1988, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby reversed and the order of the Department of Transportation suspending the operating privileges of John F. Gross is hereby reinstated.