550 A.2d 882

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Arthur William Frampton, Appellee.

Argued October 6, 1988, before Judges CRAIG and McGINLEY, and Senior Judge NARICK, sitting as a panel of three.

*Melissa K. Dively,* Assistant Counsel, with her, *Harold H. Cramer,* Assistant Chief Counsel and *John L. Heaton,* Chief Counsel, for appellant.

*William R. Strong,* for appellee.

OPINION BY JUDGE CRAIG, December 1, 1988:

The Department of Transportation, Bureau of Traffic Safety (DOT) appeals an order of the Court of Common Pleas of Clarion County that sustained the appeal of Arthur Frampton from a fifteen-day suspension of his operating privilege. We vacate and remand for a hearing on the merits raised in Mr. Frampton's petition for appeal.

On August 3, 1982, DOT notified Mr. Frampton that his driver's license would be suspended for fifteen days pursuant to section 1538 of the Vehicle Code, 75 Pa. C. S. §1538. He appealed to the common pleas court, and by an order dated August 24, 1982, the trial court granted a hearing *de novo,* "to be held at a date fixed by the court".

The hearing finally occurred six years later, on February 10, 1988. In the hearing before the trial judge, Mr. Frampton argued that for many years the Clarion

County Court of Common Pleas has employed a "practice" that relied upon DOT to schedule the hearings for the license suspension appeals. In support of this contention, Mr. Frampton presented the testimony of Emma Lou Carrier, court administrator and secretary for the Clarion County judges.

On direct examination, Ms. Carrier testified:

Q.   The past practice of this Court was that the Commonwealth, through a representative of the Attorney General's office would do the scheduling?

A.   That's right. He always called me and would suggest a date and I would check our calendar and I would say 'Fine'.

BY THE COURT:

Q.   He got a date from you?

A.   Yes.

Q.   And that was your entire involvement?

A.   Yes. He took care of all the notices and sent me a copy of the list of cases.

BY MR. STRONG:

Q:   And was that the same practice at the time Mr. Frampton filed his appeal in August, 1982?

A.   Yes, it was.

DOT contends that the scheduling delay was an administrative delay chargeable solely to the judiciary, and that Mr. Frampton has failed to show any prejudice caused him by the delay.

The trial court accepted Ms. Carrier's testimony and, without requiring Mr. Frampton to show prejudice, dismissed DOT's appeal.

Section 1550(c) of the Vehicle Code, 75 Pa. C. S. §1550(c) sets forth the scheduling role of the court in a license suspension appeal:

(c)   Proceedings of court.—*The court shall set the matter for hearing* upon 30 days written no-

tice to the department and determine whether the petitioner is in fact the person whose operating privilege is subject to the recall, suspension, cancellation· or revocation. (Emphasis added.)

Thus, according to section 1550(c), the responsibility to set the date for the hearing rests with the court, not DOT. A practice of having DOT schedule hearings is contrary to the mandate of section 1550(c) of the Vehicle Code. There is no legal basis on which the court could free itself from that responsibility by delegation. Furthermore, in *Department of Transportation, Bureau of Traffic Safety v. Lyons,* 70 Pa. Commonwealth Ct. 604, 453 A.2d 730 (1982), our court held that DOT cannot be held accountable for the court's delay in a proceeding of this type.

DOT promptly notified Mr. Frampton of his suspension. The delay that followed in the scheduling of the hearing is attributable to the trial court's failure, in view of its statutory responsibility for judicial administration, to monitor its docket (and to monitor the parties, if necessary).

This court's line of decisions has sustained motor vehicle licensee appeals on the ground of prejudice to the licensee only where administrative delay by DOT is involved, not where the delay resulted from the judicial system. *Department of Transportation, Bureau of Traffic Safety v. Davis,* 106 Pa. Commonwealth Ct. 613, 527 A.2d 607 (1987) (seventeen months judicial system delay); *Schultz v. Department of Transportation, Bureau of Traffic Safety,* 88 Pa. Commonwealth Ct. 43, 488 A.2d 408 (1985) (four years judicial system delay).

Therefore, the decision of the trial court, sustaining the suspension of the appeal of Mr. Frampton's driving privilege, is vacated, and *this case is remanded* for a hearing on the issues raised in Mr. Frampton's petition for appeal.

## ORDER

Now, December 1, 1988, the order of the Court of Common Pleas of Clarion County at No. 779 C.D. 1982, dated February 10, 1988, is vacated, and this case is remanded for a hearing on the issues raised in Mr. Frampton's petition for appeal.

Jurisdiction relinquished.