## PennDOT v. Richardson

*Donald H. Poorman, deputy attorney general,* for the commonwealth.

*Daniel Conner,* for defendant.

D'ALESSANDRO, *J.,* March 1, 1989 — Freeman Richardson appeals the one-year suspension of his driving privileges by the Commonwealth of Pennsylvania, Department of Transportation.

On August 13, 1984, petitioner was convicted of operating a motor vehicle under the influence of alcohol, 75 Pa.C.S. §3731(a)(1). Petitioner was sentenced to one year probation, the mandatory fines and court costs, as well as enrollment in the Post-Alcohol Safe Driving School.

On May 1, 1988, almost four years after petitioner's conviction, the clerk of court certified petitioner's conviction which was received by the Bureau of Licensing Suspension Enforcement Section on May 31, 1988.

Six weeks thereafter, PennDOT by letter dated July 13, 1988, informed petitioner of its intention to suspend petitioner's driver's license effective August 13, 1988. A hearing de novo was held before this court on November 17, 1988 and an order

vacating the suspension of petitioner's driver's license was granted on November 23, 1988.

We vacated PennDOT's attempt to suspend petitioner's driver's license, approximately four years after his conviction, because of the inequitable hardship the license suspension would cause petitioner and his wife.

Petitioner's entire status in life has changed since his conviction order 3731(a)(1), approximately four years ago. Petitioner is currently a productive member of our society, gainfully employed by the Philadelphia Corporation for Aging. Petitioner performs housecleaning services for the handicapped and elderly. A driver's license is essential to petitioner's continued employment at the Philadelphia Corporation for Aging.

The four-year period between conviction and suspension has also seen petitioner's wife's health deteriorate to a point where she requires frequent hospital and doctor visits due to a heart condition and arthritis. Neither of these hardships were present four years ago.

The rationale for suspending a driver's license is to protect the traveling public as well as to punish and deter wrongdoers. Neither purpose is served under the facts of this case.

Petitioner has driven for the past four and one-half years without incident and is not a danger to the traveling public. Thus, the sole purpose in suspending petitioner's license is to punish petitioner. As previously stated, punishment to petitioner, under the particular circumstances of this case, is unjust due to the hardship that would be suffered by petitioner and his wife.

In revoking the suspension of petitioner's driver's license, we are not unmindful of the decisions of the Commonwealth Court holding that PennDOT cannot

446

be held accountable for a judicial delay by the court clerk in failing to notify PennDOT of a final conviction, PennDOT being chargeable with delay occurring only after it has received the certification of conviction. *Schultz v. Department of Transportation,* 70 Pa. Commw. 604, 453 A.2d 730 (1985); *Department of Transportation, Bureau of Traffic Safety v. Lyons,* 70 Pa. Commw. 604, 453 A.2d 730 (1982).

Our decision strictly focuses upon the undue and inequitable hardship which would be suffered by petitioner and his wife due to changes in their life, regardless of who is responsible for the four-year period of delay between petitioner's conviction and PennDOT's suspension of his driver's license.