565 A.2d 865

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

**v.**

**George T. GRASSI, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 18, 1989.

Decided Nov. 9, 1989.

Reargument Denied Jan. 18, 1990.

Donald H. Poorman, Asst. Counsel, with him, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, for appellant.

Howard J. Levin, Anapol, Schwartz, Weiss & Schwartz, Philadelphia, for appellee.

Before CRUMLISH, Jr., President Judge, and PALLADINO (P.), and SMITH, JJ.

SMITH, Judge.

The Department of Transportation, Bureau of Driver Licensing (DOT), appeals from an order of the Court of

Common Pleas of Delaware County which sustained the appeal of George T. Grassi (Grassi) from a six months revocation of his operating privileges. The order of the trial court is reversed.

On May 17, 1979, Grassi committed a driving violation in the State of New Jersey. He failed to respond to the citation issued, and as a result, DOT suspended Grassi's operating privileges effective July 1, 1980. Notice of the suspension was mailed to Grassi on June 30, 1980. Subsequently, Grassi paid the fine imposed by the New Jersey citation and his driving privileges were restored on September 10, 1980. In the interim, on July 15, 1980, Grassi was cited for operating a vehicle while under license suspension. DOT sent Grassi a notice of revocation on January 21, 1981 which informed Grassi that his operating privileges were being revoked effective February 25, 1981 due to the violation of driving while under suspension.

Grassi appealed DOT's license suspension on February 21, 1981, and although two hearings were scheduled which were continued, the case remained inactive for almost seven years until a hearing was ultimately held on April 18, 1988.[1] By order dated June 9, 1988, the trial court denied Grassi's appeal. On August 4, 1988, Grassi requested reconsideration, and on August 19, 1988, the trial court vacated its previous order and scheduled a rehearing for December 5, 1988. The trial court sustained Grassi's appeal by order dated December 5, 1988 from which DOT appeals to this Court.

 The first issue before this Court is whether the trial court had jurisdiction to hear Grassi's reconsideration peti-

---

1. The record is silent as to who made the requests for both continuances. However, any delay in scheduling a hearing (following DOT's notification to motorist of suspension of license) is attributable to the trial court's failure to monitor its docket. DOT is not responsible for the court's delay in holding a hearing and the motorist is not entitled to dismissal of license suspension proceedings. *Pennsylvania Department of Transportation v. Frampton,* 121 Pa. Commonwealth Ct. 389, 550 A.2d 882 (1988).

tion which was filed more than thirty days after entry of the June 9, 1988 order. Grassi contends that although he filed his petition for reconsideration more than thirty days after the trial court's order, his initial appeal was timely filed and therefore the petition for reconsideration was proper. Grassi also contends that he did not receive notice of the trial court's June 9, 1988 order until July 16, 1988 or beyond the thirty days within which DOT asserts Grassi should have acted.

Section 5505 of the Judicial Code, 42 Pa. C.S. § 5505 provides:

> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

*See also Commonwealth v. Cook,* 359 Pa. Superior Ct. 216, 518 A.2d 858 (1986) which held that a trial court is without authority to reconsider a prior order beyond the 30–day period specified in 42 Pa. C.S. § 5505.

In the case *sub judice,* the order from which Grassi appealed was entered on June 9, 1988 and mailed to him on June 20, 1988. *See* Trial Court Docket Entry. As such, Grassi had until July 20, 1988 to file an appeal or petition for reconsideration. *See* Pa. R.A.P. 108 & 903. Grassi had ample opportunity to file his appeal or petition for reconsideration within the time prescribed by law. Having failed to do so, Grassi's petition for reconsideration was untimely filed.

█ Grassi asserts that the trial court correctly granted reconsideration on August 19, 1988 because he did not receive notice of the trial court's order until July 16, 1988 or beyond the thirty days time limitation. Grassi argues that it would be manifestly unfair to permit the appeal period to run when a litigant does not receive notice of the trial

court's action. Pa. R.C.P. No. 236(a) provides that written notice via ordinary mail shall be provided by the prothonotary upon the entry of any order, decree or judgment. "[I]f it appears of record that the prothonotary's office sent a postal notice, this will satisfy all requirements of the custom [of sending notice] and cannot be disputed." *Delmont Borough Annexation Case*, 2 Pa. Commonwealth Ct. 496, 501, 276 A.2d 549, 552 (1971). The controlling factor is whether notice was mailed. *Department of Transportation, Bureau of Driver Licensing v. Gross*, 115 Pa. Commonwealth Ct. 384, 540 A.2d 343 (1988).

In the instant action, the record is clear that the order in question was mailed to Grassi on June 20, 1988. Grassi is therefore deemed to have received notice of the order, and failure to file his petition for reconsideration within the thirty days time period allowed by law renders his action untimely thereby depriving the trial court of jurisdiction to act. *Department of Transportation, Bureau of Traffic Safety v. Bower*, 48 Pa. Commonwealth Ct. 379, 410 A.2d 91 (1980).

Having determined that the notice requirement has been fulfilled and that Grassi untimely filed his petition for reconsideration, the trial court improperly granted reconsideration in this matter. Further, Grassi's contention that his reconsideration request was properly filed since his initial appeal was timely lacks merit and warrants no further discussion. The trial court is reversed.

## ORDER

AND NOW, this 9th day of November, 1989, the order of the Court of Common Pleas of Delaware County dated December 5, 1988 is reversed and the revocation of George T. Grassi's operating privileges effective February 25, 1981 is hereby reinstated.