IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Zane J. Seilhamer, Jr.,     :
     Appellant   :
            :
    v.       : Nos. 589, 710, 711, 712 C.D. 2017
            : Submitted:  November 9, 2017
Commonwealth of Pennsylvania,  :
Department of Transportation,   :
Bureau of Driver Licensing    :


BEFORE: HONORABLE RENÉE COHN JUBELIRER, Judge
     HONORABLE P. KEVIN BROBSON, Judge
     HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI     FILED: December 1, 2017


   Zane J. Seilhamer, Jr. (Seilhamer) appeals four orders of the Court of Common Pleas of Blair County (trial court) denying his October 31, 2016 petition to appeal *nunc pro tunc* four driver's license suspensions issued by the Department of Transportation (Department) on April 10, 2014, and August 11, 2014, as well as the denial of his petition for the trial court to reconsider those orders.  For the following reasons, we quash the appeals.

## I.

In March 2014, Seilhamer was arrested and subsequently charged with multiple offenses under the Vehicle Code.[1]  On April 10, 2014, the Department issued an official notice of suspension to Seilhamer at 714 S. Kettle Street, Altoona, Pennsylvania, 16602, informing him that his operating privileges were suspended for a period of 18 months effective February 4, 2015, because he refused to consent to chemical testing in violation of Section 1547 of the Vehicle Code, 75 Pa.C.S. § 1547.[2]  The notice informed Seilhamer of his right to appeal his suspension within 30 days of the date of the notice.

On August 11, 2014, the Department sent three more suspension or revocation notices to the same address.  The first notice suspended Seilhamer's operating privileges for one year due to driving while his operating privileges were suspended.[3]  The second notice revoked his license for a period of one year because of his felony conviction for being involved in an accident resulting in death or personal injury while not properly licensed.[4]  The third notice suspended his operating privileges for 18 months because of driving under the influence (DUI) general impairment, for which the trial court ordered Seilhamer to serve a prison

---

[1] 75 Pa.C.S. §§ 101–9805.

[2] The Department suspended Seilhamer's driving privileges pursuant to 75 Pa.C.S. § 1547(1)(ii), which provides that the Department may suspend for 18 months the operating privileges of any person who is arrested for a violation under Section 3802 (regarding driving under the influence of alcohol or other controlled substances) who refuses to submit to a chemical test.

[3] *See* 75 Pa.C.S. § 1543.

[4] *See* 75 Pa.C.S. §§ 1532(a) & 3742.1.

term.[5]  All three notices were mailed to 714 S. Kettle Street, Altoona, Pennsylvania, 16602, the address on Seilhamer's operator's license.

On October 31, 2016, over two years after the notices of suspension were mailed to the address on his operator's license, Seilhamer filed with the trial court a petition for leave to appeal *nunc pro tunc* all four driver's license suspensions. In his petition, he averred that the statutory appeals of the suspensions were not filed with the trial court in a timely manner for the following reasons:

- New changes in the [l]aw BIRCHFIELD VS. NORTH DAKOTA, JUNE 23, 2016.

- New matter of facts, that the arrest occurred outside the Altoona Police Department's Jurisdiction that may have been intentionally withheld.

- New matter of facts, some charges should have been merged and are one criminal episode.

- I [filed] for Leave Nunc Pro Tunc as soon as I could after uncovering all the errors and new information.

(Supplemental Reproduced Record (S.R.R.) at 1b.)

---

[5] *See* 75 Pa.C.S. § 3804(e)(2)(ii).

3

At a hearing before the trial court, Seilhamer testified that the address to which all four suspension notices were mailed was his parents' home and that he had spent 18 months in prison between the dates on the notices and the date he finally filed his petition. He admitted that he was aware that he had to notify the Department of a change in address from his parents' house to his then-current address – the Blair County Prison. He also attempted to collaterally attack the underlying charges that led to his suspension.

Denying his request to be allowed to file his appeals *nunc pro tunc*, the trial court found that Seilhamer failed to establish the existence of fraud or judicial or administrative breakdown that would have justified his late appeal of the driver's license suspensions, and issued four orders denying his petition on January 18, 2017.

On April 4, 2017, Seilhamer then filed a Petition for Reconsideration, Reargument and Consolidation for Leave to Appeal Driver's License Suspension, Nunc Pro Tunc. On April 19, 2017, the trial court entered an order denying that petition as being without merit. On the same day, Seilhamer filed this appeal.[6]

## II.

Before we address the issue raised by Seilhamer that his request to appeal *nunc pro tunc* should have been granted, we must first address the

---

[6] This Court's review of the trial court's denial of a *nunc pro tunc* appeal is limited to determining whether the trial court abused its discretion or committed an error of law. *Hudson v. Department of Transportation, Bureau of Driver Licensing*, 830 A.2d 594, 598 n.6 (Pa. Cmwlth. 2003).

4

Department's contention that Seilhamer's appeal from the January 18, 2017 order denying his request to appeal the four orders should be quashed because it was untimely and any purported appeal from the denial of reconsideration should be quashed because the trial court did not have jurisdiction to even deny it. Be prepared for the procedural slog that follows.

The trial court's final order was entered on the docket on January 26, 2017 (dated January 18, 2017), dismissing Seilhamer's four statutory appeals because they were untimely and because he failed to establish any basis for filing them *nunc pro tunc*. On the docket, there is an entry that states, "1/26/17 NOTICE OF ENTRY OF ORDER HAS BEEN GIVEN AS REQUIRED BY PA.R.C.P. [No.] 236 (B)." (S.R.R. at 21b.)[7] Seilhamer was required to appeal within 30 days of the date the order was entered. *See* 42 Pa.C.S. §§ 5571(b), 5572; Pa. R.A.P. 903. Because the 30th day fell on a weekend, Seilhamer then had until Monday, February 27, 2017, to file his appeal to this court. 1 Pa.C.S. §1908. Seilhamer is presumed to have received notice of the order dismissing his appeals. *Department of Transportation, Bureau of Driver Licensing v. Grassi*, 565 A.2d 865, 866 (Pa. Cmwlth. 1989).

On April 4, 2017, 68 days after the trial court entered its final order on January 26, 2017, dismissing his four appeals, and well past the 30-day period for doing so, Seilhamer filed a petition for reconsideration with the trial court. *See* 1 Pa.C.S. § 1908. On April 19, 2017, the trial court filed an order (dated April 12, 2017), dismissing his petition for reconsideration. On the same day, Seilhamer filed a form Notice of Appeal stating that he was appealing "from the order entered in this

---

[7] All dates are from the trial court's docket entries. (*See* S.R.R. at 21b-22b.)

matter on the 18th day of January, 2017." (Trial Court Record, Notice of Appeal.) Interlineated under that date was the phrase "and [the] 12th of April, 2017." *Id.*

With this notice of appeal, Seilhamer seems to be appealing two orders. As to his appeal from the January 18, 2017 final order, it is quashed as untimely because it was not filed within 30 days of the entry of that order.

As to his appeal of the April 19, 2017 order denying reconsideration, the trial court did not have jurisdiction to consider the merits of the petition for reconsideration because Seilhamer did not seek, nor did the trial court grant, reconsideration within 30 days of the date of entry of the final order entered on January 26, 2017. Once 30 days have passed, the trial court loses jurisdiction and any action that it takes is a nullity. *See* 42 Pa.C.S. § 5505; *In re Consolidated Return of Real Estate Tax Sale*, 74 A.3d 1089 (Pa. Cmwlth. 2013); *Grassi*, 565 A.2d at 866; *Nagelberg v. Department of Transportation*, 543 A.2d 634, 635 (Pa. Cmwlth. 1988) ("Since the trial court dismissed the case and no appeal was taken, any further proceedings under this docket number are a nullity."). Moreover, because any action by the trial court is a nullity, the denial of a petition for reconsideration is non-appealable and Seilhamer's appeal from that order is also quashed.

Accordingly, Seilhamer's appeals from the trial court's January 18, 2017 and April 19, 2017 orders are quashed.

_____
DAN PELLEGRINI, Senior Judge

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Zane J. Seilhamer, Jr.,
     Appellant   :

v.         : Nos. 589, 710, 711, 712 C.D. 2017

Commonwealth of Pennsylvania, :
Department of Transportation,  :
Bureau of Driver Licensing   :

# **O R D E R**

AND NOW, this 1ˢᵗ day of December, 2017, Zane J. Seilhamer, Jr.'s appeals from the January 18, 2017 and April 19, 2017 orders of the Court of Common Pleas of Blair County in the above-captioned matter are quashed.

_____
DAN PELLEGRINI, Senior Judge