Dorothy D. Schultz, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Submitted on briefs December 12, 1984, to Judges WILLIAMS, JR. and BARRY and Senior Judge BLATT, sitting as a panel of three.

*William G. Malkames,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE BLATT, March 1, 1985:

Dorothy D. Schultz (petitioner) appeals here an order of the Court of Common Pleas of Lehigh County dismissing her appeal from a six month revocation of her driver's license by the Pennsylvania Department of Transportation (Department).

On July 24, 1978, the petitioner was convicted for operating a motor vehicle while under the influence of alcohol, Section 3731(a)(1) of the Vehicle Code (Code), 75 Pa. C. S. §3731(a)(1). That conviction was not certified by the magistrate to the Department, however, until September 28, 1982, and on October 8, 1982, the Department notified the petitioner of its intent to revoke her operating privileges for a six month period,[1] resulting in her appeal to the Lehigh County Court of Common Pleas.

The petitioner contends that the revocation of her privileges should be set aside on the basis of the four year delay between her conviction and the Department's action. She argues that she was prejudiced by that delay because she has medical problems and will encounter greater difficulties using and obtaining alternate transportation now than she would have had at the time when she was convicted. She asserts that our concern should be her asserted hardship and not the cause of the delay in question.

We may, of course, vacate revocation of an operator's privileges where an *administrative* delay between conviction and revocation leads a person to believe that her privileges will not be adversely affected

---

[1] As mandated by 75 Pa. C. S. §1532(b)(3).

and the person changes her circumstances to her detriment. *Department of Transportation, Bureau of Traffic Safety v. Lyons,* 70 Pa. Commonwealth Ct. 604, 453 A.2d 730 (1982). In *Lyons,* however, we held that the Department may not be held accountable for delay attributable to a court's failure to timely certify a conviction to the Department,[2] and, therefore, we may not impute to the Department the delay here. And because the Department undertook action to revoke the petitioner's privileges within three weeks of its receipt of her conviction, we may not vacate its revocation for that delay. *Id.*

The petitioner also raises other issues which were not, however, raised in, or suggested by, her statement of the questions involved. Pursuant to Pa. R.A.P. 2116, therefore, we need not consider them here. *In re Appeal of Elias,* 70 Pa. Commonwealth Ct. 404, 453 A.2d 372 (1982).

We will, therefore, affirm the order of the Court of Common Pleas of Lehigh County.

---

[2] In regard to a magistrate's duty to report or certify convictions, Section 6323(1) of the Code, 75 Pa. C. S. §6323(1) requires the clerk of any court within the Commonwealth to send the Department a "record of the judgement of conviction, acquittal or other disposition" concerning violations of the Code *"within ten days after final judgement."* (Emphasis added.) Section 6324 of the Code, moreover, provides for the imposition of fines for failure or refusal to comply with the reporting requirements and makes such failure or refusal a summary offense providing grounds for removal from office. Compliance with the reporting requirements is also contemplated by Pa. R. Crim. P. 69, which sets forth requirements for information to be provided in reports of summary offenses under the Code.

While this Court may not ignore the case law requiring us to consider only Departmental delay in a case of the kind here concerned, we would expect that the Department would seek to enforce these statutory provisions which are clearly intended to facilitate its own procedures.

46

ORDER

AND Now, this 1st day of March, 1985, the order of the Court of Common Pleas of Lehigh County in the above-captioned matter is affirmed.

Judge WILLIAMS, JR. did not participate in the decision in this case.