## Commonwealth v. Hickey

*Francis P. Back,* for the Commonwealth.
*James J. Rosini,* for defendant.

KREHEL, *P.J.,* October 15, 1985—Before this court is petitioner's appeal from an order of the Department of Transportation suspending petitioner's driver's license. On December 11, 1984, petitioner was convicted of operating a motor vehicle while under the influence of alcohol, section 3731 of the Vehicle Code (code), 75 Pa.C.S. §3731. Petitioner's conviction was not certified by the Northumberland County Clerk of Courts to the Pennsylvania Department of Transportation until August 13, 1985. Rather quickly, the department notified petitioner of its intent to revoke his operating privileges for a one-year period on September 3, 1985. On September 26, 1985, petitioner filed this appeal which is before this court for disposition.

During the hearing held before this court on October 15, 1985, petitioner's central contention was that the revocation of his privileges should be set aside because the 10-month delay between his conviction and the department's suspension of his operating privileges worked an undue prejudice against him. Specifically, petitioner testified to a deteriorat-

ing physical condition which has rendered his use of alternate transportation more difficult at the present time than it would have been at the time of conviction. As further support for his argument that the 10-month delay resulted in prejudice against petitioner, petitioner testified to arrangements which he had made for the care of property he owns in Huntingdon County at the time of his conviction. Petitioner testified these arrangements could no longer be taken advantage of because of the department's delay.

In Department of Transportation v. Rutkowski, 46 Pa. Commw. 64, 406 A.2d 248 (1979), the Commonwealth Court held that "absent a showing of prejudice, the mere passage of time between defendant's conviction and the suspension of his operating privileges is not sufficient justification to set aside the action of [the bureau]." Id. at 65, at 249. While this court may be sympathetic to the problems which petitioner will have to contend with during his license suspension, it also finds these problems do not rise to the sufficient level of prejudice to set aside the action of the department.

Irrespective of the issue of whether or not the delay between petitioner's conviction and the suspension of his operating privileges worked a prejudice against petitioner, this court must also look to the cause of delay in question. In the recent case of Dorothy D. Schultz v. Commonwealth of Pennsylvania, Department of Transportation, 88 Pa. Commw. 43, 488 A.2d 408 (1985), the Commonwealth Court was presented with a fact pattern, similar to the case at bar. In Schultz, the Commonwealth Court discussed the case of Department of Transportation, Bureau of Traffic Safety v. Lyons, 70 Pa. Commw. 604, 453 A.2d 730 (1982), in which they held:

"The department may not be held accountable for delay attributable to a court's failure to timely certify a conviction to the department, and, therefore, we may not impute to the department the delay here. And because the department undertook action to revoke the petitioner's privileges within three weeks of its receipt of her conviction, we may not vacate its revocation for that delay." Dorothy D. Schultz v. Commonwealth of Pennsylvania, 88 Pa. Commw. 43, 488 A.2d 408 at 409 (1985). The underlying logic of Lyons clearly dictates this court's dismissal of petitioner's appeal.

Finally, the only delay which can properly be charged against the department is the delay occurring after the department's receipt of the certificate of conviction. Chappel v. Commonwealth 59 Pa. Commw. 504; 430 A.2d 377 (1981). In the instant case, this delay constitutes three weeks. This is not sufficient delay by the department to justify the vacating of the penalty imposed.

In light of the foregoing, this court enters the following

## ORDER

And now, this October 15, 1985, petitioner's appeal from order of Department of Transportation suspending driver's license is hereby dismissed.