510 A.2d 148

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Stanley Gene Kazil, Appellee.

Submitted on briefs March 14, 1986, to Judge CRAIG, and Senior Judges BLATT and KALISH, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, ·with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C.* *Waldman,* General Counsel, for appellant.

·*Robert A. Banks,* for appellee.

OPINION BY SENIOR JUDGE KALISH, May 8, 1986:

Appellant, Department of Transportation (DOT), appeals an order of the Court of Common Pleas of Beaver County which sustained the appeal of Stanley Gene Kazil (Kazil) from a six month suspension of his driver's license. We reverse the action of the trial court.

Kazil's violation occurred on December 26, 1981. On *February 17, 1982,* after having been found guilty of Vehicle Code violations, the District Justice informed him by mail that he owed a fine and costs of $316.55. Kazil did not appeal. On March 19, 1982 he received a second letter advising him that failure to pay would result in additional charges. He then entered into an arrangement to pay the charges in installments. His final payment was in March, 1984 when the District Justice certified to DOT Kazil's conviction. On June 11, 1984 DOT informed Kazil that his license was suspended as of July 16, 1984. On appeal the trial court sustained Kazil's appeal, on the basis that the delay by the Commonwealth prejudiced him.

Our scope of review in a driver's license suspension appeal is to determine whether findings of the trial court are supported by competent evidence, whether there has been an erroneous conclusion of law, or whether the trial court's decision demonstrates a manifest abuse of discretion. Section 1547(b) of the Vehicle Code, 75 Pa. C. S. §1547(b); *Schnitzer v. Commonwealth,* 85 Pa. Commonwealth Ct. 38, 480 A.2d 388 (1984).

A delay cannot be chargeable to DOT before the Department is in receipt of the certification of conviction. *Department of Transportation, Bureau of Traffic Safety v. Parr,* 56 Pa. Commonwealth Ct. 203, 424 A.2d 604 (1981). Here, the delay was caused by the District Justice, who did not certify the conviction until the last payment was made. Conviction occurs when sentence is

imposed. Installment payments of the costs do not postpone the conviction. The delay was that of the District Justice, and not that of DOT. In the recent case of *Department of Transportation v. Schultz*, 88 Pa. Commonwealth Ct. 43, 488 A.2d 408 (1985), we held that where there was a four year delay between the motorist's conviction and the certification of that conviction to DOT by the magistrate, the delay cannot be attributed to DOT.

The trial court's decision was an error of law. We therefore reverse.

ORDER

NOW, May 8, 1986, the order of the Court of Common Pleas of Beaver County, No. 811 of 1984, dated November 28, 1984, is reversed.