541 A.2d 54

Michael John Dancho, Jr., Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs March 22, 1988, to Judges MACPHAIL and COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Joseph W. Selep, Davis and Davis,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *John L. Heaton,* Chief Counsel, for appellee.

OPINION BY JUDGE MACPHAIL, May 11, 1988:

Michael John Dancho, Jr. (Appellant) appeals an order of the Court of Common Pleas of Fayette County which reinstated a suspension of his operating privileges imposed by the Department of Transportation (Department). We affirm.

On May 11, 1984, Appellant pled guilty to a violation of Section 3733 of the Vehicle Code, 75 Pa. C. S. §3733, and began installment payments on the fine imposed by the district justice. By official notice dated

March 31, 1986, Appellant was informed that as a result of his January 20, 1986 conviction of this violation, his operating privileges were suspended for six months. Appellant's subsequent appeal to the common pleas court was denied and his suspension reinstated. He now appeals to our Court.

Appellant argues here, as he did before the trial court, that the Department should be precluded from imposing the suspension. He contends that the suspension was imposed twenty-two months after his conviction, which he asserts occurred on May 11, 1984, and that this delay was unreasonable.

The crux of Appellant's argument appears to be that the Department's failure to enforce the district justice's compliance with the reporting and certifying requirements of the Vehicle Code should preclude the Department from suspending his operating privileges.[1] We agree with the trial court, however, that regardless of any delay on the part of the district justice in the case before us, the Department's imposition of Appellant's suspension was proper.

In *Department of Transportation, Bureau of Driver Licensing v. Kazil,* 97 Pa. Commonwealth Ct. 151, 510 A.2d 148 (1986), this Court was presented with a situation similar to that at bar. There, a licensee's conviction was certified by the district justice to the Department more than two years after the date of his conviction—only after the licensee completed installment payments on the fine. In reversing the trial court's order which sustained an appeal based on delay, we concluded:

A delay cannot be chargeable to DOT before the Department is in receipt of the certification

---

[1] Appellant claims that the district justice's delay in certifying his conviction until after he had paid his fine violated Section 6322(a)(1) of the Vehicle Code, 75 Pa. C. S. §6322(a)(1).

of conviction. . . . Here, the delay was caused by the District Justice, who did not certify the conviction until the last payment was made. Conviction occurs when sentence is imposed. Installment payments of the costs do not postpone the conviction. The delay was that of the District Justice, and not that of DOT.

*Id.* at 152-153, 510 A.2d at 149 (citation omitted). *See also Department of Transportation, Bureau of Driver Licensing v. Urbasik*, 101 Pa. Commonwealth Ct. 646, 518 A.2d 1 (1986); *Schultz v. Department of Transportation*, 88 Pa. Commonwealth Ct. 43, 488 A.2d 408 (1985).

Likewise, in the case before us, we refuse to hold the Department responsible for delay in processing clearly attributable to the district justice. The Department notified Appellant of his suspension approximately two months after receiving the certification of Appellant's conviction from the district justice. This was *not* an unreasonable delay on the part of the Department. Accordingly, we conclude that the six-month suspension of Appellant's operating privileges was properly imposed.

Order affirmed.

### ORDER

The order of the Court of Common Pleas of Fayette County in the above-captioned proceeding is hereby affirmed.