546 A.2d 767

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant v. John Fritz Green, Appellee.

Submitted on briefs July 6, 1988, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

John V. Rovinsky, Assistant Counsel, with him, Harold H. Cramer, Assistant Chief Counsel, and John L. Heaton, Chief Counsel, for appellant.

John J. Hovan, for appellee.

OPINION BY JUDGE CRAIG, September 6, 1988:

This Vehicle Code appeal involves the validity of a notice of driver's license suspension which the Pennsylvania Department of Transportation (DOT) issued to John Fritz Green less than three weeks after DOT received a certified record of the driver's conviction of a Code violation, a certification sent to DOT by a clerk of courts in very tardy fashion—fourteen months after the date of conviction.

Thus, we must again consider application of the rule which this court has consistently followed, that license suspensions issued by DOT cannot be invalidated because of processing delay chargeable to the judicial system and not to DOT's administrative function.

The chronology of this case, which began with Mr. Green's violation of 75 Pa. C. S. §3731, driving under the influence of alcohol (DUI), is as follows:

| | |
|---|---|
| October 27, 1985— | Violation of 75 Pa. C. S. §3731. |
| October 27, 1985— | Breathalyzer test refusal by Mr. Green, violating 75 Pa. C. S. §1547. |
| December 17, 1985— | DOT imposes one-year suspension for test refusal. |

| February 13, 1986— | Conviction for DUI, 75 Pa. C. S. §3731. |
| December 17, 1986— | Test refusal suspension ends. |
| April 21, 1987— | Court clerk certifies DUI conviction to DOT. |
| April 29, 1987— | DOT receives certification. |
| Early May, 1987— | DOT notifies Green of approval of him as a vehicle inspector. |
| May 13, 1987— | DOT issues notice of one-year license suspension for violation of 75 Pa. C. S. §3731. |

As the above chronology shows, although DOT acted with reasonable promptness in issuing the second suspension notice within three weeks of receiving notification of the conviction, the clerk of court was guilty of an egregious delay of fourteen months, contrary to 75 Pa. C. S. §6323, which requires issuance of such certifications within ten days after judgment.

The trial judge recognized this court's line of decisions beginning with *Chappell v. Commonwealth*, 59 Pa. Commonwealth Ct. 504, 430 A.2d 377 (1981), in which we refused to invalidate Vehicle Code sanctions because of judicial delay, but the judge here nevertheless sustained Mr. Green's appeal from the suspension on grounds of (1) violation of his constitutional due process rights as a consequence of the delay, and (2) prejudice to him in that imposition of the second suspension would result in loss of employment.

Although, paraphrasing Ralph Waldo Emerson, a foolish consistency may be the hobgoblin of little minds, this court can do no better than to adhere to the steady line of decisions in which we have held that, where DOT has not been guilty of administrative delay, judicial system delay in notifying DOT will not operate to invalidate driver's license suspensions merited by Ve-

hicle Code convictions. *Department of Transportation, Bureau of Traffic Safety v. Davis,* 106 Pa. Commonwealth Ct. 613, 527 A.2d 607 (1987) (seventeen months judicial system delay); *Department of Transportation, Bureau of Traffic Safety v. Kazil,* 97 Pa. Commonwealth Ct. 151, 510 A.2d 148 (1986) (two years judicial system delay), *petition for allowance of appeal denied,* 515 Pa. 587, 527 A.2d 546 (1987); *Department of Transportation, Bureau of Traffic Safety v. Chrzanowski,* 95 Pa. Commonwealth Ct. 568, 505 A.2d 1129 (1986) (two-and-one-quarter years judicial system delay); *Schultz v. Department of Transportation, Bureau of Traffic Safety,* 88 Pa. Commonwealth Ct. 43, 488 A.2d 408 (1985) (four years judicial system delay); *Department of Transportation, Bureau of Traffic Safety v. Lyons,* 70 Pa. Commonwealth Ct. 604, 453 A.2d 730 (1982) (seventeen months judicial system delay).

The principle steadfastly applied in these decisions is consistent with sound policy. Under the Vehicle Code, DOT is the agency made responsible for imposition of the sanctions which the law uses to keep unsafe drivers off the highways for stated periods. This court has held that a material breach by DOT of that responsibility will invalidate the legal effectiveness of the sanction. If DOT too often failed to meet the responsibility thus focused upon it, the locus of fault would be clear and executive and legislative remedies could be directed at DOT. But a very different situation would prevail if the effectiveness of the Vehicle Code sanctions became dependent upon scores of court clerks and hundreds of functionaries within the minor judiciary. This court's rule therefore protects the vehicle safety laws from vulnerability to delays within a system where detection and correction of official failure would be much more difficult.

The trial court has not identified any operative relationship between the notification delays and due pro-

cess; we perceive no such relationship and have not been offered any authority on the point.

The driver here nevertheless contends that the judicial system delay was specifically prejudicial to him. He points out that, after DOT restored his operating privilege in December of 1986, he felt free to enhance his vocation as an automobile mechanic by applying for certification as vehicle inspector, for which a driver's license is needed. DOT approved him in that respect, notifying him on a date which fell between the date DOT received notification of his conviction and the date DOT issued the second suspension notice.

However, if the court clerk had been timely in notifying DOT shortly after the conviction date of February 13, 1986, the second suspension nevertheless could not have commenced until the first one ended, in December of 1986. On that timely basis, Mr. Green would have lacked his driver's license during most of the calendar year 1987. Under the actual chronology, the period of suspension would have extended from mid-May of 1987 until mid-May of 1988. In either event, Mr. Green's inability to function as a vehicle inspector would have been in suspension for twelve months and his eligibility to resume that occupation would have returned at the end of the year. The record contains no evidence that Mr. Green made any change of employers because of the official silence which prevailed between December of 1986 and May of 1987.

Accordingly, the trial court's order must be reversed and the suspension reinstated.

ORDER

NOW, September 6, 1988, the order of the Court of Common Pleas of Wyoming County, at No. 87-320, dated September 22, 1987, is reversed, and the Pennsylvania Department of Transportation is authorized and directed to reinstate the one-year suspension of the driving privileges of John Fritz Green.