972 A.2d 97 (2009)
Nicole C. HOCKENBERRY
v.
COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Bureau of Driver Licensing, Appellant.
No. 1739 C.D. 2008.
Commonwealth Court of Pennsylvania.
Submitted on Briefs March 20, 2009.
Decided April 22, 2009.
*98 Philip M. Bricknell, Asst. Counsel and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.
Brian R. Baker, Mifflintown, for appellee.
BEFORE: PELLEGRINI, Judge, SIMPSON, Judge, and McCLOSKEY, Senior Judge.
OPINION BY Senior Judge McCLOSKEY.
The Department of Transportation, Bureau of Driver Licensing (DOT) appeals from an order of the Court of Common Pleas of Mifflin County (trial court), sustaining the appeal of Nicole C. Hockenberry (Licensee) from a ninety-day suspension of her operating privileges. We affirm.
On May 17, 2004, Licensee was convicted of underage drinking pursuant to Section 6308 of the Crimes Code, 18 Pa.C.S. § 6308.[1] On March 27, 2008, DOT sent Licensee a letter informing her that her driving privilege was suspended for ninety days as a result of that conviction. Licensee appealed the determination, arguing that the imposition of the suspension following a four-year delay was unjust.
At the hearing before the trial court, DOT provided documentation that Licensee was convicted of underage drinking in 2004, but Magisterial District Judge Barbara A. Clarke did not transfer the record of the conviction, as mandated by 18 Pa. C.S. § 6310.4, until March 18, 2008. DOT argued that it is obligated to impose the suspension, regardless of the delay in the receipt of the notice of conviction.
Licensee did not present any evidence at the hearing. However, her counsel argued that it would be unjust to suspend Licensee's operating privilege at this time. Counsel explained that Licensee was now eighteen years of age and the single parent of two children. Counsel argued that Licensee would be unduly prejudiced by the delay in implementing the suspension of her operating privileges.
The trial court sustained Licensee's appeal. The trial court acknowledged that prior case law, such as Department of Transportation, Bureau of Driver Licensing v. Green, 119 Pa.Cmwlth. 281, 546 A.2d 767 (1988), affirmed without opinion, 524 Pa. 98, 569 A.2d 350 (1990), and Schultz v. Department of Transportation, 88 Pa. Cmwlth. 43, 488 A.2d 408 (1985), concluded that license suspensions were to be upheld, despite long judicial delays in providing DOT with notice of the convictions. However, both Green and Schultz involved convictions for driving under the influence of alcohol (DUI), pursuant to 75 Pa.C.S. 3731. The trial court found the present case to be distinguishable, as the underlying offense was underage drinking. The trial court further concluded that the four-year delay violated due process of law, constituted a manifest injustice and was unduly prejudicial to Licensee.
DOT now appeals to this Court.[2] DOT argues that the law requires that *99 Licensee's operating privilege must be suspended, regardless of the delay. In support of this claim, DOT cites to our decisions in Green and Schultz.
In Green, a licensee was convicted of DUI in Wyoming County. Fourteen months later, DOT received notice of the conviction. DOT then notified licensee of the suspension of his operating privilege. The licensee appealed to the trial court. The trial court sustained the appeal, finding that the delay was a violation of the licensee's due process rights and had prejudiced licensee.
DOT appealed to this Court. We found as follows:
Under the Vehicle Code, DOT is the agency made responsible for imposition of the sanctions which the law uses to keep unsafe drivers off the highways for stated periods. This Court has held that a material breach by DOT of that responsibility will invalidate the legal effectiveness of the sanction. If DOT too often failed to meet the responsibility thus focused upon it, the locus of fault would be clear and executive and legislative remedies could be directed at DOT. But a very different situation would prevail if the effectiveness of the Vehicle Code sanctions became dependent upon scores of county clerks and hundreds of functionaries within the minor judiciary. This court's rule therefore protects the vehicle safety laws from vulnerability to delays within a system where detection and correction of official failure would be much more difficult.
Green, 546 A.2d at 769. As such, we reversed the order of the trial court and reinstated the licensee's suspension.
In Schultz, a licensee was convicted of DUI in Lehigh County. DOT did not receive notification of that conviction from the judicial system until four years later. DOT then notified the licensee of the suspension of her operating privileges, based on the four-year old DUI conviction. The licensee appealed the suspension to the trial court, which denied the appeal. On appeal to this Court, we held that DOT "may not be held accountable for delay attributable to a court's failure to timely certify a conviction to [DOT]." Schultz, 488 A.2d at 409. Thus, we affirmed the decision of the trial court.
We agree with DOT that Green and Schultz establish that license suspensions issued by DOT cannot be invalidated due to delay chargeable to the judicial system. However, we conclude that the present case is distinguishable.
As noted above, Licensee was convicted of underage drinking pursuant to Section 6308 of the Crimes Code. Section 6310.4(a) of the Crimes Code, 18 Pa.C.S. § 6310.4(a), provides that when a person is convicted under Section 6308, the court "shall order the operating privilege of the person suspended" and transmit a copy of the order to DOT. Section 6310.4(b)(1), 18 Pa.C.S. § 6310.4(b)(1), requires that the operating privileges of a person convicted under Section 6308 are to be suspended for a period of ninety days, where the conviction is a first offense. However, Section 6310.4(c) sets forth the provisions for nondrivers as follows:
Any person whose record is received by the department under subsection (a) and who does not have a driver's license shall be ineligible to apply for a learner's permit under 75 Pa.C.S. §§ 1505 (relating to learners' permits) and 1507 (relating *100 to application for driver's license or learner's permit by minor) for the time periods specified in subsection (b). If the person is under 16 years of age when he is convicted or adjudicated delinquent or admitted to a preadjudication program, his suspension of operating privileges shall commence upon his 16th birthday for the time periods specified in subsection (b).
18 Pa.C.S. § 6310.4(c).
Licensee was thirteen years of age at the time of her conviction for underage drinking. Therefore, pursuant to Section 6310.4(c), her suspension must commence upon the date of her sixteenth birthday, which occurred in June of 2006.[3] In actuality, Section 6310.4(c) renders Licensee ineligible to apply for a license for a period of ninety days following her sixteenth birthday. The ability to delay a licensee's application for a license is a significant distinction from the ability to suspend the operating privileges of a licensed driver, as occurred in Green and Schultz. Moreover, Section 6310.4(c) does not provide any authority to extend the penalty beyond the specified time frame, regardless of when DOT receives notice of the conviction.
Accordingly, the order of the trial court is affirmed.

ORDER
AND NOW, this 22nd day of April, 2009, the order of the trial court is affirmed.
NOTES
[1] Licensee was born in 1990.
[2] Our scope of review in a driver's license suspension case is limited to determining whether the findings of the trial court are supported by competent evidence, whether errors of law were committed or whether there has been a manifest abuse of discretion. Department of Transportation, Bureau of Driver's Licensing v. Gross, 146 Pa.Cmwlth. 1, 605 A.2d 433 (1991).
[3] DOT submitted Licensee's certified driving record into evidence. It provides that Licensee was issued a license on March 1, 2007.