# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Becky Fritts,                        :

                              :

             v.                  :    No. 193 C.D. 2017

                              :    Submitted: November 22, 2017

Commonwealth of Pennsylvania,    :

Department of Transportation,       :

Bureau of Driver Licensing,         :

                 Appellant      :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                  HONORABLE ANNE E. COVEY, Judge
                  HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                 **FILED: February 16, 2018**

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (PennDOT) appeals an order of the Court of Common Pleas of Clinton County (trial court) that sustained Becky Fritts' (Licensee) statutory appeal from a three-month suspension of her operating privileges pursuant to Section 1786(d) of the Vehicle Code, 75 Pa. C.S. §1786(d) (relating to suspension for operating vehicle without proof of required financial responsibility). The trial court sustained Licensee's appeal based on the delay between Licensee's conviction and PennDOT's notice of suspension. PennDOT asserts the trial court erred in sustaining Licensee's appeal where it notified Licensee of the suspension shortly after the date it received the report of her conviction, and Licensee did not satisfy her burden of proving she was prejudiced by any delay. As requested by the trial court, we vacate and remand.

## I. Background

By official notice dated October 24, 2016, PennDOT informed Licensee her operating privileges were suspended in accordance with Section 1786(d) of the Vehicle Code, 75 Pa. C.S. §1786(d), effective November 28, 2016, because she failed to produce proof of financial responsibility on August 15, 2012, the date of her traffic offense. Licensee appealed the suspension to the trial court. A hearing ensued.

At the hearing, PennDOT submitted a packet of certified documents, which consisted of: PennDOT's official notice of suspension based on Licensee's failure to produce proof of financial responsibility; a copy of the traffic citation Licensee received under Section 1786(f) of the Vehicle Code, 75 Pa. C.S. §1786(f); a copy of the report of Licensee's conviction for violating Section 1786(f); and, a copy of Licensee's certified driving history. The trial court admitted the certified packet of documents without objection. PennDOT rested.

In response, Licensee, who was not represented by counsel, testified she was pulled over and she was "one day over for the insurance to lapse." Reproduced Record (R.R.) at 46a. Licensee testified she paid the fine for the violation and her attorney and the arresting officer agreed she would not lose her license. Licensee further testified that "four years later [she] got a letter stating that [her] license is supposed to be suspended." R.R. at 47a. Licensee also testified she is a single mother of four children, ages 18, 11, 6 and 4, and she needs her license in order to take her children to their appointments and school. R.R. at 48a. She testified she drives her children to school each day and she is the only licensed driver in her household.

After PennDOT's counsel presented brief argument, the trial court dictated an order from the bench sustaining Licensee's appeal. The trial court then entered its written order. PennDOT appealed, and the trial court directed it to file a concise statement of the errors complained of on appeal, which it did.

Thereafter, the trial court issued an opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), in which it explained the issues were whether the magisterial district judge's (MDJ) delay in transmitting Licensee's notice of conviction to PennDOT was unreasonable and whether Licensee suffered prejudice as a result of the delay.

The trial court found no fault with PennDOT. PennDOT received the report of the conviction on September 28, 2016. In turn, it imposed the suspension by notice dated October 24, 2016. The trial court deemed PennDOT's notice timely.

The trial court stated its difficulty concerned the delay caused by the MDJ. To that end, the MDJ convicted Licensee on October 19, 2012. However, the MDJ's office did not transmit notice of the conviction to PennDOT until September 28, 2016. Thus, the delay in transmitting notice of the conviction was nearly four years.

The trial court stated it recognized that, as a general rule, only delays attributable to PennDOT could be vacated. Nevertheless, it suggested that delays by the judicial branch be considered when addressing an appeal.

3

The trial court stated that the nearly four-year delay in transmitting notice of Licensee's conviction was an extended period. It further determined Licensee would suffer prejudice if the suspension was imposed. In particular, Licensee resides in rural Pennsylvania, and she needs her vehicle to travel to her job and to care for her minor children.

Nevertheless, the trial court conceded Licensee received a new conviction in June 2015 related to driving under the influence (DUI) of controlled substances. Further, the trial court acknowledged it did not consider this new conviction in sustaining Licensee's appeal. As such, the trial court requested that this Court remand for consideration of Licensee's June 2015 DUI conviction. This matter is now before us for disposition.

## II. Discussion
### A. Contentions

On appeal,[1] PennDOT argues it is not responsible for any delay caused by another entity in notifying PennDOT of a conviction. As PennDOT notified Licensee of the suspension only 26 days after the date it received the report of conviction from the MDJ, PennDOT asserts it was not guilty of any unreasonable delay.

PennDOT contends Licensee failed to satisfy her burden of proof that she was prejudiced by the delay, because she never changed her circumstances in

---

[1] Our review is limited to determining whether the trial court's findings were supported by substantial evidence, whether errors of law were committed, or whether the trial court's determination constituted an abuse of discretion. See Reinhart v. Dep't of Transp., Bureau of Driver Licensing, 954 A.2d 761 (Pa. Cmwlth. 2008).

reliance on a belief that her operating privilege would not be suspended. Also, PennDOT maintains Licensee was able to serve a one-year suspension for a DUI conviction during the period between the date of her current conviction and the date the MDJ notified PennDOT of the conviction. If Licensee could serve a one-year suspension for DUI, PennDOT argues, she should be able to serve a three-month suspension for operating her vehicle without insurance.

PennDOT asserts Licensee's DUI violation occurred less than two years after her conviction for operating her vehicle without insurance. Thus, it contends, Licensee did not satisfy the requirement that she not have another violation for a significant number of years before the MDJ sent the report of her current conviction to PennDOT.

PennDOT further maintains that the MDJ's delay in notifying PennDOT of the conviction for driving without insurance was less than four years. It argues this did not satisfy the requirement that the delay in notifying PennDOT must be for an "extraordinarily extended period of time." Appellant's Br. at 18 (quoting Gingrich v. Dep't of Transp., Bureau of Driver Licensing, 134 A.3d 528, 534, 535 (Pa. Cmwlth. 2016) (en banc).

Licensee was precluded from filing a brief for her failure to conform to an order setting a briefing schedule.

## B. Analysis

Generally, for a licensee to challenge a license suspension on the basis of delay, she must prove: "(1) an unreasonable delay chargeable to PennDOT led the

5

licensee to believe that [her] operating privileges would not be impaired; and (2) prejudice would result by having the operating privileges suspended after such delay." Dep't of Transp., Bureau of Driver Licensing v. Gombocz, 909 A.2d 798, 800-01 (Pa. 2006) (citation omitted).

Historically, this Court only considered the delay attributable to PennDOT in determining whether a suspension may be invalidated on the basis of delay. See, e.g., Dep't of Transp., Bureau of Driver Licensing v. Green, 546 A.2d 767 (Pa. Cmwlth. 1988). In Green, we explained the rationale for this rule:

> If [PennDOT] too often failed to meet the responsibility thus focused upon it, the locus of fault would be clear and executive and legislative remedies could be directed at [PennDOT]. But a very different situation would prevail if the effectiveness of the Vehicle Code sanctions became dependent on scores of court clerks and hundreds of functionaries within the minor judiciary.

Id. at 769.

However, this Court subsequently recognized "limited extraordinary circumstances" where a licensee may rely on the delay attributable to entities other than PennDOT by showing: (1) the "conviction is not reported for an extraordinarily extended period of time"; (2) the "licensee has a lack of further violations for a significant number of years before the report is finally sent"; and, (3) the licensee is prejudiced by the delay. Gingrich, 134 A.3d at 534.

6

Here, there is no dispute that PennDOT acted promptly once it received notice of Licensee's conviction from the MDJ. Therefore, in order to obtain relief, Licensee had to show she satisfied the three criteria espoused in Gingrich.

As the trial court acknowledged, although Licensee was convicted of DUI in June 2015 and served a resulting one-year suspension shortly before the MDJ transmitted notice of Licensee's conviction presently at issue, the trial court did not consider this DUI conviction when it sustained Licensee's appeal. See Tr. Ct., Slip Op., 3/7/17, at 2. Under these circumstances, we agree with the trial court that a remand is appropriate so that the trial court may consider Licensee's DUI conviction in applying and balancing the criteria set forth in Gingrich on the existing record. See Janes v. Dep't of Transp., Bureau of Driver Licensing (Pa. Cmwlth., No. 369 C.D. 2017, filed October 24, 2017) (unreported)[2] (discussing application and balancing of Gingrich criteria where licensee received subsequent conviction prior to notification of most recent conviction to PennDOT).

### III. Conclusion

Based on the foregoing, we vacate the trial court's order sustaining Licensee's appeal and remand for proceedings consistent with the foregoing opinion.

_____
ROBERT SIMPSON, Judge

---

[2] Unreported decisions of this Court may be cited for their persuasive value. Internal Operating Procedures of the Commonwealth Court §414(a), 210 Pa. Code §69.414(a).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Becky Fritts,                                    :
                                                 :
              v.                                 :        No. 193 C.D. 2017
                                                 :
Commonwealth of Pennsylvania,                    :
Department of Transportation,                    :
Bureau of Driver Licensing,                      :
                              Appellant           :

# **O R D E R**

**AND NOW**, this 16th day of February, 2018, the order of the Court of Common Pleas of Clinton County is **VACATED** and this matter is **REMANDED** for proceedings consistent with the foregoing opinion.

Jurisdiction is relinquished.

_____
ROBERT SIMPSON, Judge