IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Scot Allen Shoup                              :
                                             :
              v.                             :     No. 426 C.D. 2017
                                             :     Submitted: December 7, 2018
Commonwealth of Pennsylvania,                :
Department of Transportation,                :
Bureau of Driver Licensing,                  :
                    Appellant                :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                          FILED: March 7, 2019

         The Department of Transportation, Bureau of Driver Licensing
(Department), appeals an order of the Court of Common Pleas of Delaware County
(trial court) sustaining the statutory appeal of Scot Allen Shoup (Licensee). The trial
court vacated the Department's 18-month suspension of Licensee's operating
privilege for his 2014 convictions for driving under the influence of alcohol (DUI)
and leaving the scene of an accident. In doing so, the trial court held that the two
years and seven months between Licensee's convictions and the Department's
notices of suspension constituted an "extraordinary delay" warranting relief under
*Gingrich v. Department of Transportation, Bureau of Driver Licensing*, 134 A.3d
528, 535 (Pa. Cmwlth. 2016). We affirm.

On January 7, 2014, Licensee was convicted of DUI[1] and leaving the scene of an accident that occurred on August 10, 2013. Reproduced Record at 57a, 63a (R.R. __). On August 16, 2016, Licensee received two suspension notices from the Department. The first notice suspended his driving privilege for six months, effective September 20, 2016, for leaving the scene of an accident in violation of Section 3743(a) of the Vehicle Code. The second notice suspended his driving privilege for one year, effective March 20, 2017, for DUI in violation of Section 3802(b) of the Vehicle Code.

Licensee appealed the notices of suspension, and a hearing was conducted by the trial court. Licensee first argued that the Department's notice suspending his license for leaving the scene of an accident was inaccurate because he was not convicted under Section 3743(a) of the Vehicle Code. Second, Licensee argued that the notices of suspension were delayed by more than two years after his convictions, which caused him prejudice.

On the first issue, the Department submitted the two notices of suspension and the two certifications from the Delaware County Clerk of Courts[2] showing that Licensee was convicted of violating Sections 3802(b) and 3743(a) of the Vehicle Code. In response, Licensee admitted to the Section 3802(b) violation for DUI, but he denied the conviction under Section 3743(a). Licensee presented

---

[1] Licensee was convicted under Section 3802(b) of the Vehicle Code for driving with a "high rate of alcohol," *i.e.*, an alcohol concentration of at least 0.10 percent but less than 0.16 percent. 75 Pa. C.S. §3802(b).

[2] Both certifications were electronically transmitted to the Department on August 8, 2016.

the certificate of judgment of sentence signed by the trial court on January 7, 2014. The certificate listed the charge as "Accidents involving injury."[3] R.R. 76a.

Section 3743(a) of the Vehicle Code addresses leaving the scene of an accident that causes injury to property and states, in relevant part, as follows:

> The driver of any vehicle involved in *an accident resulting only in damage to a vehicle or other property* which is driven or attended by any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall forthwith return to and in every event *shall remain at the scene of the accident until he has fulfilled the requirements of section 3744* (relating to duty to give information and render aid).

75 Pa. C.S. §3743(a) (emphasis added). Section 3742(a) addresses an accident involving injury to a person and states, in relevant part, as follows:

> The driver of any vehicle involved in *an accident resulting in injury or death of any person* shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event *shall remain at the scene of the accident* until he has fulfilled the requirements of section 3744 (relating to duty to give information and render aid).

75 Pa. C.S. §3742(a) (emphasis added). Licensee argued that the certification of the Clerk of Courts was inaccurate because he did not leave the scene of an accident involving personal property. He argued that this inaccuracy invalidated the Department's suspension. The Department did not reply to this argument.

---

[3] Although the sentencing court listed the charge as "Accidents involving injury," the sentencing court also graded the offense as "m3." R.R. 76a. Leaving the scene of an accident involving damage to property is a misdemeanor of the third degree. 75 Pa. C.S. §3743(b). Leaving the scene of an accident involving personal injury is a misdemeanor of the first degree, unless the victim suffers serious bodily injury or dies, in which case it is a felony. 75 Pa. C.S. §3742(b). Thus, there is a discrepancy between the grading of the offense and the charge.

Licensee testified and stated that at the time of his arrest he was a carpenter. In 2013 and 2014, he worked at two different job sites and could get to either location by public transportation. In 2015, he took a new job in Trainer, Pennsylvania, as a "carpenter general foreman." Notes of Testimony, 12/6/2016, at 16 (N.T. __); R.R. 35a. He is in charge of seven facilities located throughout Pennsylvania, Delaware and New Jersey, and must drive from site to site. Having a driver's license is a requirement for the job. Licensee also testified that the loss of his license would be detrimental to his daughter. She has "juvenile type I diabetes[,]" N.T. 19; R.R. 38a, and there are times she must be transported to the doctor or hospital quickly to stabilize her blood sugar. Since his 2013 arrest, Licensee testified that he has not had any moving violations.

Joann Shoup, Licensee's wife, testified and confirmed that their daughter has serious health issues. Because Mrs. Shoup works, there are times she relies on Licensee to care for their daughter. He needs a driver's license in order to take her to the hospital or pick up medicine.

In *Gingrich*, 134 A.3d 528, this Court held that a license suspension can be set aside for a delay between the conviction and the suspension, where the delay is caused by the failure of the clerk of courts to timely notify the Department. The licensee must establish that certification of the conviction was delayed for an extraordinary period of time; the licensee has not had any Vehicle Code violations for a period of time; and the licensee was prejudiced by the delay.

Here, the trial court found that Licensee met all three *Gingrich* factors. The Clerk of Courts notified the Department of Licensee's January 7, 2014, conviction on August 8, 2016, and the trial court found this delay extraordinary. Since his 2013 arrest, Licensee had no other Vehicle Code violations. Licensee's

4

evidence about his job and his daughter's illness established prejudice. The trial court sustained Licensee's suspension appeal and restored his operating privilege.

The Department has appealed to this Court[4] and raises two issues. First, the Department argues that the delay of two years and seven months is not extraordinary. Second, the Department argues that the case should be remanded for the trial court to determine whether Licensee was convicted under Section 3742(a) or Section 3743(a) of the Vehicle Code.

In *Gingrich*, the delay between the conviction and license suspension was ten years. The Department notes that in *Pokoy v. Department of Transportation, Bureau of Driver Licensing*, 714 A.2d 1162 (Pa. Cmwlth. 1998), this Court held that a delay of four years was not unreasonable. As such, Licensee's delay of under three years cannot be held extraordinary. *Middaugh v. Department of Transportation, Bureau of Driver Licensing*, 196 A.3d 1073 (Pa. Cmwlth. 2018) (en banc), is dispositive of the Department's argument.

In *Middaugh*, the licensee was convicted of DUI on March 31, 2014, but the Department did not receive certification of his conviction until August 8, 2016. On August 23, 2016, the Department notified the licensee that his operating privilege was suspended for one year, based on the 2014 conviction. The licensee appealed, asserting that the delay of two years and four months was fundamentally unfair and caused him great prejudice. Applying the three-part *Gingrich* test, the trial court agreed. On appeal to this Court, the Department argued that the trial court

---

[4] "Our standard of review in a license suspension case is to determine whether the factual findings of the trial court are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion." *Negovan v. Department of Transportation, Bureau of Driver Licensing*, 172 A.3d 733, 735 n.4 (Pa. Cmwlth. 2017) (quoting *Gammer v. Department of Transportation, Bureau of Driver Licensing*, 995 A.2d 380, 383 n.3 (Pa. Cmwlth. 2010)).

erred because *Gingrich* required a delay of approximately 10 years to be extraordinary. Therefore, the three-prong test set forth in *Gingrich* was inapplicable.

We rejected the Department's contention because *Gingrich* did not establish that the delay had to be ten years to be considered extraordinary. We explained as follows:

> Since *Gingrich*, the courts of common pleas and this Court have applied the *Gingrich* factors to various circumstances and time periods. As this case law has developed, the courts have carefully evaluated whether periods of delay shorter than 10 years can qualify as extraordinarily extended periods of time. For example, this Court has affirmed decisions of the courts of common pleas which held that non-Departmental delays of 9 years, 7 years and 10 months, 2 years and 7 months, and 2 years and 4 months can be considered extraordinarily extended periods of time to meet *Gingrich's* first factor, where the other *Gingrich* factors were also satisfied.[]

*Middaugh*, 196 A.3d at 1083 (internal footnote omitted). In *Middaugh*, this Court refined the test for determining whether a delay qualifies as extraordinary.

Because the Clerk of Courts is required to give notice of a conviction within 10 days, that period must be considered in calculating the delay. 75 Pa. C.S. §6323(l)(i) (clerk of court must send notice of a relevant conviction to the Department "within ten days after final judgment of conviction."). We also held that the period of suspension required by the particular conviction must be considered. We explained as follows:

> [I]f a clerk of court reports a conviction to the Department within the applicable period of the license suspension plus 10 days, such delay, as a matter of law, cannot be an extraordinarily extended period of time sufficient to meet the first *Gingrich* factor.[] However, where the delay exceeds that period, and where the remaining *Gingrich* factors are satisfied, a court of common pleas can find that relief is appropriate under *Gingrich*.

*Id.* at 1086 (internal footnote omitted). In *Middaugh*, the delay of two years and four months exceeded the one-year license suspension, plus 10 days. Therefore, license showed the delay was extraordinary. Because the licensee established that she remained free of driving violations for 51 months and would suffer prejudice if her license were suspended, we held the licensee also satisfied the remaining *Gingrich* factors and affirmed the trial court.

Here, the Department does not dispute that Licensee established the second and third factors, *i.e.*, no further driving violations and prejudice. The Department's only claim is that a delay of two years and seven months is insufficient to show extraordinary delay. *Middaugh* holds to the contrary. The delay of two years and seven months is greater than the putative 18-month license suspension period, plus 10 days. The delay is extraordinary, and we reject the Department's first claim of error.

In its second issue, the Department complains that the trial court never addressed whether Licensee's conviction for leaving the scene of an accident was based on Section 3742(a) or Section 3743(a) of the Vehicle Code. The Department requests a remand for the trial court to make this determination and, if the trial court finds Licensee violated Section 3742(a), vacate the six-month suspension and impose a one-year suspension.[5]

At the hearing, the Department never asked the trial court to vacate the suspension and impose a longer one. Nor did the Department raise this issue in its

_____

[5] Pursuant to Section 1532(a)(3) of the Vehicle Code, a conviction under "Section 3742 (relating to accidents involving death or personal injury)" warrants a one-year license suspension. 75 Pa. C.S. §1532(a)(3). Pursuant to Section 1532(b)(1) of the Vehicle Code, a conviction under "Section 3743 (relating to accidents involving damages to attended vehicle or property)" warrants a six-month license suspension. 75 Pa. C.S. §1532(b)(1).

concise statement of errors complained of on appeal under Pennsylvania Rule of Appellate Procedure 1925(b).[6]  Original Record, Item No. 9, at 1-3.  The law is clear that "any issues not raised in a Rule 1925(b) statement will be deemed waived…." *Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011).  *See also* PA. R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").  Further, "Rule 1925[(b)] violations may be raised by the appellate courts *sua sponte*[.]"  *Hill*, 16 A.3d at 494.  Thus, we conclude the Department has waived its second claim of error.[7]

Accordingly, the order of the trial court is affirmed.

_____
MARY HANNAH LEAVITT, President Judge

Judge Fizzano Cannon did not participate in the decision in this case.

---

[6] It provides:

> Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.--If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

PA. R.A.P. 1925(b).

[7] In any event, a remand would be futile.  Even if Licensee's six-month sentence was modified to 1 year, his aggregated two-year sentence (plus 10 days) would remain less than the period of delay.  As such, he would still meet the first prong of *Gingrich*.

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Scot Allen Shoup          :

                         :

        v.           :   No. 426 C.D. 2017

                         :

Commonwealth of Pennsylvania,  :

Department of Transportation,    :

Bureau of Driver Licensing,      :

              Appellant   :

# **O R D E R**

AND NOW, this 7th day of March, 2019, the order of the Court of Common Pleas of Delaware County, dated March 15, 2017, is hereby AFFIRMED.

_____

MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Scot Allen Shoup                    :
                                    :
              v.                    : No. 426 C.D. 2017
                                    : Submitted:  December 7, 2018
Commonwealth of Pennsylvania,       :
Department of Transportation,       :
Bureau of Driver Licensing,         :
                                    :
              Appellant             :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge


CONCURRING OPINION
BY JUDGE WOJCIK                                  FILED:  March 7, 2019


         I concur in the result only.  I join the Majority's holding that the delay
of two years and seven months between the licensee's convictions and the notices of
suspension issued by the Department of Transportation, Bureau of Driver Licensing,
constituted an "extraordinary delay" under *Middaugh v. Department of
Transportation, Bureau of Driver Licensing,* 196 A.3d 1073 (Pa. Cmwlth. 2018) (en
banc).  I write separately to express my view that when the relevant provisions of
the Vehicle Code are read together, *timely* compliance by the clerk of courts with
Section 6323(1) of the Vehicle Code, 75 Pa. C.S. §6323(1), is an absolute predicate
for a license suspension under Section 3804(e) of the Vehicle Code, 75 Pa. C.S.
§3804(e).

Section 6323(1)(i) of the Vehicle Code addresses the responsibility of the local clerk of courts, stating, *"within ten days after final judgment of conviction or acquittal or other disposition of charges under any of the provisions of this title . . . [the clerk] shall send to the department a record of the judgment of conviction*, acquittal or other disposition." 75 Pa. C.S. §6323(1)(i) (emphasis added). Section 3804(e)(1) of the Vehicle Code states that the Department "shall suspend the operating privilege of an individual under paragraph (2) [(setting forth the periods of suspension)] *upon receiving a certified record of the individual's conviction . . . .*" 75 Pa. C.S. §3804(e)(1) (emphasis added).

We have long recognized that these provisions reflect the legislative intent to keep unsafe drivers off the road. Importantly, we also have recognized that *fulfillment of the legislative intent depends on there being no delay*:

> These two sections of the Vehicle Code impose complementary statutory obligations on the clerks of court, to send notice of conviction to the Department within 10 days, and on the Department, to suspend the license for the requisite period upon receipt of the notice of conviction. Our courts have interpreted these Vehicle Code provisions *as evidencing the General Assembly's intent to keep unsafe drivers off the highways for stated periods of time, in order to protect the traveling public. This intent is effectuated by suspending the licenses of dangerous drivers and doing so quickly — in temporal proximity to the offense that created the safety concern. To fulfill the General Assembly's intent, both the Department and the clerks of court must promptly perform their statutory obligations; if there is a delay by either of them, the result is the same — the unsafe driver will not be removed from the road timely.*

*Middaugh*, 196 A.3d at 1080 (emphasis added).

In *Gingrich v. Department of Transportation, Bureau of Driver Licensing*, 134 A.3d 528 (Pa. Cmwlth. 2016) (en banc), involving a ten-year delay,

MHW - 2

we revisited our prior holdings that only delays attributable to the Department may be actionable, and we redefined that standard to include other, "extraordinary," delay.[1] Unfortunately, our current jurisprudence now *allows a clerk of courts, as a matter of law, a minimum of six additional months* within which to perform its statutory obligation, thereby implicitly amending Section 6323(1)(i).[2] Mindful that electronic transmission of records has substantially reduced the burden of complying with the ten-day limit, I urge the legislature to revisit and clarify the complementary obligations imposed under Sections 6323(1)(i) and 3804(e)(1) of the Vehicle Code.

_____
MICHAEL H. WOJCIK, Judge

Judge Fizzano Cannon did not participate in the decision of this case.

---

[1] In doing so, we departed from the analysis set forth in *Department of Transportation, Bureau of Driver Licensing v. Green*, 546 A.2d 767, 768 (Pa. Cmwlth. 1988), which rejected assertions of prejudice that we now evaluate under *Gingrich* and concluded that we "can do no better than to adhere to the steady line of decisions [holding that delay not attributable to the Department] will not operate to invalidate driver's license suspensions . . . ."

[2] Thus, albeit for different reasons, I agree with the recommendation expressed by the minority opinions in *Middaugh* that we abandon our ongoing reliance on *Gingrich*.