**[J-7-2020] [MO: Saylor, C.J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, | : | No. 45 MAP 2019 |
| | : | |
| | : | Appeal from the Order of the |
| | : | Commonwealth Court at No. 815 CD |
| Appellant | : | 2017 dated October 31, 2018 |
| | : | Affirming the Order of the Delaware |
| | : | County Court of Common Pleas, |
| v. | : | Civil Division, at No. 2016-008188 |
| | : | dated May 19, 2017, exited May 22, |
| | : | 2017. |
| STEPHEN MIDDAUGH, | : | |
| | : | ARGUED: March 10, 2020 |
| Appellee | : | |

**DISSENTING OPINION**

**JUSTICE MUNDY**                                              **DECIDED:  January 20, 2021**

I respectfully disagree with the framework for analyzing license suspensions endorsed by the majority.

Since the Commonwealth Court rendered its decision in *Gingrich v. Department of Transportation, Bureau of Driver Licensing*, 134 A.3d 528 (Pa. Cmwlth. 2016), I have had reservations about the holding that adequate grounds exist for sustaining a civil license appeal where: (1) a conviction is not reported for an extraordinarily long period of time; (2) the licensee has a lack of further violations for a number of years before the report is finally sent; and (3) the licensee is able to demonstrate prejudice. *Id.* at 534-35.

The difficulty in defining an extraordinary delay became obvious through the development of post-*Gingrich* cases, including the instant matter where the Commonwealth Court created a rule that "if a clerk of courts reports a conviction to the Department within the applicable period of the license suspension plus 10 days, such

delay, as a matter of law, cannot be an extraordinarily extended period of time sufficient to meet the first *Gingrich* factor." *Middaugh v. Commonwealth, Department of Transportation, Bureau of Driver Licensing*, 196 A.3d 1073, 1086 (Pa. Cmwlth. 2018).

Rather, as Judge Ceisler noted in her dissenting opinion when this case was before the Commonwealth Court, giving consideration to the length of time between a conviction and notice thereof to PennDOT, "allows licensees to unfairly benefit from a county court clerks' failure to comply with their statutory obligation. It also keeps licensees on the roadways despite their DUI convictions, which contradicts the public safety purpose that license suspensions are intended to serve. That cannot be the result our legislature intended." *Id.* at 1089 (Ceisler, J., dissenting).

As the majority notes, "Appellee explained that he was expecting his license to be suspended shortly after he pled guilty and did not know the reason for the delay." Majority Op. at 3. I agree with Judge Ceisler that "[l]icensees convicted of DUI can always contact the Department to ascertain the status of their licenses if they are concerned about the delay, as Steven Middaugh [Appellee] was in this case." *Middaugh*, 196 A.3d at 1090. In my view, any prejudice that Appellee suffered was due, at least in part, to his own failure to follow through with PennDOT regarding his license suspension. I see no purpose in allowing Appellee to take advantage of a delay he could have prevented simply by sending an email message or making a telephone call.

Therefore, I would use this case to overrule *Gingrich*, and restore prior decisional law holding that in the absence of delay by the Commonwealth, a license suspension may be imposed. *See Pokoy v. Commonwealth, Department of Transportation, Bureau of Driver Licensing*, 714 A.2d 1162 (Pa. Cmwlth. 1998).[1]

---

[1] I respectfully disagree with the position set forth in the concurring and dissenting opinion that the distinction between delay caused by the clerk of court and PennDOT is arbitrary. Rather, the distinction is a rational one based on *PennDOT v. Green*, 546 A.2d 767, 769

(Pa. Cmwlth. 1988) (detection and correction of official failure by PennDOT materially different from detection and correction of such failure by hundreds of functionaries within the minor judiciary).

I further note that unlike Justice Wecht, I do not believe that the clerk of court's failure to report Appellee's DUI conviction within ten days affects the validity of his license suspension. Accordingly, my observation that Appellee could have mitigated any prejudice resulting from the delay by inquiring about its status does not place a burden upon him. Rather, it recognizes that Appellee could have taken steps to move the process forward but instead chose not to do so. Regardless of when PennDOT receives notice of the conviction, and regardless of whether the initial notification is by the clerk of court or through an inquiry by the licensee, the result is the same, a valid one-year suspension.